BRUNOT, J.
 

 This suit is brought under the Employers’ Liability Act (Act No. 20 of 1914, as amended) by the widow of the deceased for the recovery of compensation for the death of her husband, which occurred while the deceased was acting within the scope of his employment as the employee of the defendant company. The defendant, answered the suit, and thereafter Susan Chambers, acting in the capacity of tutrix ad hoc of the minor, Inez Reiss, the alleged half-sister of the deceased, intervened in the suit in behalf of said minor, alleging in her petition of intervention that the plaintiff was not living with the deceased at the time of his death, and was not then or prior thereto dependent upon him for support, and that the minor, Inez Ross, was the only member of decedent’s family who was dependent upon him for support before and at the time he received the injury which caused his death. The prayer of the intervener is for judgment in favor of the minor, Inez Ross, rejecting the demand of the plaintiff, and for judgment aginst the defendant for $1,875, to be paid in 300 weekly installments of $6.26 peí week, with 5 per cent, per annum interest on said installments from maturity, until paid, commencing June 9, 1926.
 

 The trial court rendered judgment in favor of the minor, Inez Ross, in all respects, as prayed for in the petition of intervention. Brom this judgment the plaintiff and defendant appealed. The Court of Appeal affirmed the judgment, in so far as it rejected the demands of the plaintiff, but reversed it in all other respects, and dismissed the demands of the intervener as of ponsuit. The plaintiff then applied to this court for a writ of review; the Writ issued, the record has been sent up, and the case is now before us for consideration.
 

 The relator assigns a^ errors, first, that the court erred in holding that the facts do not show that relator and decedent were living together at the time of decedent’s death, or that she was sufficiently dependent upon him for support to entitle her to recover under the Compensation Act; second, that the court erred in holding that the relationship of marriage and dependency, when once established, is not presumed to continue; third, that the court erred in holding that the respective rights of the husband and wife to recover compensation under the act, for the death of either of the spouses, is the same; fourth, that the court erred in its decision on the question of dependency, in giving weight to the case of In re Nelson, 217 Mass. 467, 105 N. E. 357; fifth, that the court erred in giving the Employers’ Liability Act a strict, rather than a liberal, con
 
 *339
 
 struction; sixth, that the court erred in not dismissing, finally, the suit of the intervener.
 

 We have read the record very carefully, and the facts are accurately summarized in the opinion of the Court of Appeal, from which we quote the following:
 

 “The evidence shows that plaintiff married decedent on August 29, 1925, and that they lived together in the same residence for a short time, but prior to or about December of the year of their marriage the plaintiff had obtained employment as a cook, while decedent worked at different places as a day laborer and resided near his emxfioyment, visiting his wife, however, at the place of her residence, from time to time, and giving her some money and clothes; but after December, 1925, decedent obtained employment with defendant and resided near the place of his employment, and in February, 1926, he took another woman in his residence, with whom he lived until the time of his death; and the evidence as to the relations between plaintiff and ■her husband after he had begun living with the concubine is vex-y vague and uncertain, and 'if it is established that there were any relations between them it does not extend further than to show that decedent had visited plaintiff one time after February, 1926, at which time he •gave her some money.
 

 “While the evidence indicates that from the date of the marriage to December there may have been some reason for their residing at different places, it appears that such condition was not necessary after the deceased obtained employment with defendant, and after that time it appears the parties voluntarily chose to reside apart; and, conceding that decedent did visit plaintiff after February 1926, their relations in that respect were casual, and conceding that, where it appears that there had not been an absolute separation of bed between husband and wife, although it appears they had established separate residences and were not dependent xipon each other, yet that as for some purposes, as the legitimacy of the children born during such time (article 184, C. C.; Tate v. Penne, 7 Mart. [N. S.] 555), and the interest of the community in the property acquired during such time, the marriage relations are still presumed to exist, we do not think that the parties can be said to be living together within the meaning of the employers’ liability statute.
 

 “The statute, in providing for compensation, contemplates dependency, and the husband is given the x-ight to compensation for the death of the wife when they are living together; and, if the decedent was claiming compensation here for the death of plaintiff, we think the evidence shows conclusively that he had abandoned her; and, although the evidence does not show that the plaintiff was guilty of violating her marital vows, it does establish that she had acquiesced in abandonment, which may have been more directly brought about by the husband, but that, if the husband could not recover, the wife would stand in the same situation. See In re Nelson, 217 Mass. 467, 105 N. E. 357.
 

 “We are therefore of the opinion that the wife cannot recover compensation, and that the judgment rejecting her demands was correct.”
 

 We think the facts show that at the time of decedent’s death, and for three or four months preceding his death, the relator and the deceased lived separate and apart, by mutual consent; that relator maintained herself during that time, and, when her husband died, she cannot be held to have been dependent upon him for support, within the meaning of the Employers’ Liability Act.
 

 This conclusion disposes of the first and second assignments of error. With reference to the third assignment of error, the court correctly held that, notwithstanding the pai-ties lived separate and apart, the civil effects of the ' marriage were not affected thereby, and for all such purposes the marital relation was presumed to exist. With reference to the fourth assignment of error the court cited In re Nelson, 217 Mass. 467, 105 N. E. 357. Whether the court was correct, or erred in its interpretation of the statute relative to the respective rights a husband or wife may have to recover compensation in the event of the death of one of them, is immaterial, because no issue in the case requires such an interpretation. With reference to the fifth assignment of error, we will say that the Court of Appeal found, as a fact, that plaintiff was not living with, and was not dependent upon, her husband when he was killed. It did not construe, but merely applied the letter of the statute to those facts, and eorrectl-y dismissed the suit. With reference to the sixth assignment of error, we will say that, as
 
 *341
 
 plaintiff’s demands were properly rejected, and her suit dismissed, she can have no interest in and cannot complain of the judgment dismissing the intervention as of non-suit.
 

 For these reasons, the judgment of the Court of Appeal is affirmed, at relator’s cost.