ZUVICEH v. SCHNYDER

(November 3, 1931. Opinion and Decree.)
(November 30, 1931. Rehearing Refused.)

Arthur Leopold and Gerald Netter, of New Orleans, attorneys for plaintiff, appellant.

Henry & Cooper and John A. Smith, Jr., of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit by the widow of William Freibert to recover funeral expenses and compensation under the Workmen's Compensation Act (Act No. 20 of 1914 as amended by Act No. 242 of 1928).

The defense is that the widow is not entitled to compensation because she was not living with her husband nor dependent upon him for support at the time of his injury and death.

There was judgment in favor of defendant and plaintiff has appealed.

The only evidence in the record on the issue presented is the testimony of plaintiff and her mother and an affidavit of plaintiff made two days after her husband's death. These witnesses both testified that the plaintiff and her husband had been separated on account of a series of quarrels during November, 1929; that he was living at 315 Dauphine street and that she resided with her mother at 3211 Dauphine street; that he occasionally visited her at her mother's home and that it was their intention to effect a reconciliation in the near future. The wife stated that during the period of separation her husband contributed $8 per week or as much as he could afford. The mother stated that her daughter's husband paid her board. The wife also testified that she cohabited with her husband two weeks previous to the accident.

On cross-examination, when confronted with her sworn statement (which is wholly inconsistent with her testimony), made two days after her husband's death, plaintiff admitted that the statement was freely and voluntarily given and that some of it was true but that "the report that I did not see him is untrue because I did." She then reiterated her intention of effecting a reconciliation with her husband and that he contributed to her support.

The pertinent part of the statement reads as follows:

"On April 28th, 1928 I married William Freibert in the courthouse of the parish of St. Bernard. We were married by Rene D. Cortes. After our marriage we lived with my mother and father at 641 Callier St. New Orleans. Just prior to November 11, 1929 my husband William and I had a series of small arguments and on November 11, 1929 William packed his clothes and left my home. Since November 11, 1929 he never gave me any money to support either my child or myself and we never saw each other during this period of separation. After William left my home I knew where he was living at 315 Dauphine St. and in order to support myself and my child I went to work at the Walle & Company, lithographers, and have been working ever since. I work on piece work basis and make from $7.00 to $10.00 a week. During the period of our separation I did not demand or request William to contribute to the support of my son or myself.

"I have read this statement and it is the truth.

"(Sgd) C. J. Freibert
                    "(Sgd) Mrs. Wm. Freibert.
     "A true Copy
          "(Sgd) L. J. Ferry, Notary Public."

The son referred to herein is a child of a previous marriage of the widow.

This statement is typewritten except the last line which is written in the handwriting of plaintiff. The only excuse plaintiff gives for having signed a statement contrary to her testimony is that it was made only two days after her husband's death and that she was grief-stricken. The written statement is couched in simple language which we are sure plaintiff understood. She does not claim that any advantage was taken of her and the notary public testified that he read the statement to her and that she declared that she understood it. We, therefore, conclude that the statement given, at an unsuspicious time, by plaintiff outweighs her testimony given at the trial and, therefore, find that the plaintiff was not living with her husband and was not dependent upon him for support at the time of his injury and death and that their separation was voluntary.

Paragraph (K) of subsection 2 of section 8 of Act No. 242 of 1928 amending Act No. 20 of 1914 reads as follows:

"No compensation shall be payable under this Section to a widow unless she be living with her deceased husband at the time of the injury and death, or be then actually dependent upon him for support. No compensation shall be payable under this Section to a widower unless he be living with his deceased wife at the time of the injury and death or be at such time incapable of self-support and actually dependent upon her for support."

Paragraphs (A) and (B) of subsection 2 of section 8 of Act No. 242 of 1928 read as follows:

"A. The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee."

"B. A wife upon a husband with whom she is living at the time of his accident or death."

The identical question and same provisions of the compensation statute were fully discussed in the case of Harris et al. v. Louisiana Oil Refinery Corporation, 13 La. App. 416, 127 So. 40. In that case the court held that it was not necessary for the husband and wife to live in the same dwelling but that there should be no break in the marital relations or estrangement and that it was sufficient if there was actual cohabitation for a part of the time and contribution to the support of the wife by the husband to bring the widow within the provisions of the compensation act.

In the case of Milton v. Long-Bell Lumber Company, 165 La. 336, 115 So. 582, 584, a case involving the same issues presented here, the Supreme Court held:

"We think the facts show that at the time of decedent's death, and for three or four months preceding his death, the relator and the deceased lived separate and apart, by mutual consent; that relator maintained herself during that time, and, when her husband died, she cannot be held to have been dependent upon him for support, within the meaning of the Employer's Liability Act * * *.

"With reference to the fifth assignment of error, we will say that the Court of Appeal found, as a fact, that plaintiff was not living with, and was not dependent upon, her husband when he was killed. It did not construe, but merely applied the letter of the statute to those facts, and correctly dismissed the suit."

We believe that this case is decisive of the issue presented because in both cases the parties voluntarily chose to reside separate and apart, the husband's visits were only casual and the separation was in fact a physical one, and the wife was working and supporting herself without any assistance from her husband.

For the reasons assigned the judgment appealed from is affirmed.