WISCONSIN BRIDGE & IRON COMPANY ET AL. *v.* KRUEGER.

[No. 16,018. Filed October 14, 1937.]

McAleer, Dorsey, Clark & Travis, and Fred R. Wright, for appellants.

McMahan, Strom & Hulbert, for appellee.

BRIDWELL, C. J.—This appeal is from an award of the Industrial Board by a majority of its members granting compensation to appellee, the widow of one Charles F. Krueger, deceased employee of appellant Wisconsin Bridge & Iron Company, whose death the parties agree resulted from injuries sustained by him in an accident arising out of and in the course of his employment. The finding and award was also in favor of the Inland Steel Company, and the award in this respect is not challenged by any party to the appeal.

The error assigned is that the award is contrary to law, and the only question presented under this assignment relates to the sufficiency of the evidence to sustain the finding of dependency of appellee. "Appellants admit there is no controversy in this case concerning any matter of which appellee had the burden of proof to entitle her to an award of compensation, except the question of dependency, all matters other than the question of dependency having been stipulated and agreed to." (Quotation from appellants' brief). The record substantiates the admission made.

The evidence proves that the appellee and her deceased husband were married in 1922, and lived together for approximately 14 years, their residence during most of this period of time being in Milwaukee, Wisconsin; that on February 24, 1936, appellee brought an action for divorce against her husband in the circuit court of Milwaukee County, Wisconsin, and, thereafter, in said proceeding, and in said month of February, obtained certain court orders against her husband restraining him from molesting her, requiring him "to remove from the premises occupied by plaintiff as her home," awarding to said plaintiff the use and possession of the household furniture of the parties during the pendency of the action, and requiring the payment of $25.00 as attorney fees for plaintiff's attorney, etc. There was no order requiring payment of any sum for the support of plaintiff in the action during the pendency of the cause, although same had been prayed. This action was not dismissed nor submitted for final hearing, but was pending on July 13, 1936, when the said Charles F. Krueger died from the injuries sustained by him on June 27, 1936. There also is evidence to prove that after the filing of the divorce case, and the entry of the interlocutory orders hereinbefore mentioned, the parties to said action became reconciled on May 21, 1936, and were living together at their residence in Milwaukee when the husband left for Indiana Harbor on May 24th to secure work; that appellee received letters from her husband while he was in Indiana Harbor where he obtained employment, and he furnished her with money while employed there; that on Thursday, June 11th, prior to the accident resulting in his death, she joined him at Indiana Harbor, and they lived together at the hotel where he was staying until the following Monday, when she returned to the home in Milwaukee. That after the accident, and on the day it occurred, she was

notified of it by the employer, and by some person at the hospital where he· was taken, and left Milwaukee for Indiana Harbor arriving there about 2 o'clock a. m. of the following morning; that during most of that period of time from her arrival until her husband's death she stayed with him at the hospital where he was confined.

We deem it unnecessary to set forth in any greater detail than heretofore done the evidence submitted before the Industrial Board, and upon which its finding is based.

We do not weigh the evidence, and in the instant case it appears that there is ample evidence to sustain the finding made. No divorce had been granted. There is uncontradicted evidence of a reconciliation and of living together as husband and wife occurring after the filing of the action for divorce, and continuing to within 12 days of the accident which resulted in the husband's death. The fact that for a period of 12 days immediately prior to the date of accident they (appellee and her husband) were apart, is explainable, and their action in this respect justifiable by the further facts which are not controverted that their home was in Milwaukee and the husband's place of employment at Indiana Harbor. The board may have, and under the evidence reasonably could have, concluded that appellee was living with her husband "at the time of his death" within the meaning of that phrase as used in our compensation act, and was therefore conclusively presumed to be wholly dependent upon him for support.

Award affirmed, and increased five per cent. as required by statute.