VAN V. RICHARDSON, JR. v. GEORGIANNA REEVES RICHARDSON.

(Filed 10 October 1962.)

**1. Divorce and Alimony § 13—**

Where husband and wife execute a valid separation agreement and pursuant thereto live separate and apart physically for an uninterrupted period of two years with the intention of ceasing matrimonial co-habitation, such separation is ground for divorce under G.S. 50-6, and such cause for divorce is not affected by the fact that the husband fails to comply completely with the provisions of the agreement as to the amounts and time for payment of support for the children of the marriage, there being no contention that the execution of the separation agreement was procured by fraud or duress.

**2. Same—**

Where husband and wife voluntarily execute a valid separation agreement and thereafter live separate and apart for a period of two years, the wife is precluded from asserting as a defense to his action for divorce that the separation was due to his misconduct prior to the date of the separation, even though such conduct may have been sufficient to have justified the wife in separating herself from her husband, since the actual separation was by mutual consent.

APPEAL by plaintiff from *Patton, J.,* May Civil Term 1962 of LINCOLN.

Civil action under G.S. § 50-6 for absolute divorce on the ground plaintiff (husband) and defendant (wife) had lived separate and apart for two years.

Plaintiff alleged, and defendant in her answer admitted, that plaintiff had been a resident of North Carolina more than six months prior to the institution of the action; that plaintiff and defendant were married January 25, 1947, and thereafter lived together as husband and wife until February 29, 1960; that since February 29, 1960, plaintiff and defendant had lived continuously separate and apart from each other; and that three children, ages 14, 9½ and 8, were born of their marriage.

After answering as set forth above, defendant alleged, in bar of plaintiff's action, the following:

"1. That the plaintiff was at fault and caused the separation between the plaintiff and defendant, the defendent having been a dutiful wife and mother of the children born of this marriage.

"2. That while the plaintiff and defendant were married and living together, the plaintiff violated his marital obligations by dating one Frances Jahn, and the reason for his causing a separation between plaintiff and defendant was his desire to continue keeping company with the said Frances Jahn.

"3. That although the plaintiff and defendant executed Articles of Separation, the plaintiff has breached the obligations required of him in this agreement, and by reason of his breach of the separation agreement, he is not now entitled to any benefits thereunder."

Evidence was offered by plaintiff and by defendant. Evidence offered by defendant included testimony: (1) That plaintiff, while living with defendant, frequently associated with Mrs. Jahn, a neighbor, expressed his affection for her rather than for defendant, moved out of the bedroom plaintiff and defendant had previously shared, and stated that he wanted a divorce; (2) that plaintiff had breached the "Articles of Separation" by his failure to comply fully with his obligations in respect of the time and amounts of the payments he agreed to make to defendant for the support of their children.

The court submitted, and the jury answered, these issues:

"1. Has the plaintiff been a resident of the State of North Carolina for more than six months next preceding the institution of this action? ANSWER: Yes.

"2. Were the plaintiff and defendant married as alleged in the complaint? ANSWER: Yes.

"3. Have the plaintiff and defendant continuously lived separate and apart from each other for more than two years next preceding the institution of this action, as alleged in the complaint? ANSWER: No.

"4. Was the separation brought about by the fault of the plaintiff as alleged in the answer? ANSWER: Yes."

Upon this verdict, the court adjudged "that the plaintiff's action for an absolute divorce from the defendant be and the same is hereby denied, and that the costs be taxed against the plaintiff." Plaintiff excepted to this judgment and appealed therefrom.

The court, when it signed said judgment, also entered an order relating to the custody and support of the three children. Nothing appears to indicate plaintiff excepted to said order or appealed therefrom. In substance, it awards "the general custody of the three minor children" to defendant, subject to plaintiff's prescribed visitation privileges, and provides that plaintiff pay to defendant $200.00 each month "for the use and benefit and support of the minor children" and "reasonable medical expenses for the three minor children."

*W. H. Childs, Jr., for plaintiff appellant.*
*Charles T. Myers and Robert F. Rush for defendant appellee.*

BOBBITT, J.   The first, second and third issues were not raised by the pleadings but by the statute providing that the material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury. G.S. § 50-10; *Taylor v. Taylor,* 225 N.C. 80, 82, 33 S.E. 2d 492, and cases cited; *Moody v. Moody,* 225 N.C. 89, 33 S.E. 2d 491.

Defendant, in her answer, admitted plaintiff's allegations as to his residence and their marriage, and with reference to their separation averred: "and it is further admitted that they lived together thereafter as man and wife until the 29th day of February, 1960, and it is further admitted that they no longer lived together as man and wife after February 29, 1960."

All of the evidence tends to show plaintiff and defendant and their three children lived in the home at 5745 Murrayhill Road, Charlotte, N. C., until February 29, 1960; that on February 29, 1960, plaintiff and defendant entered into and executed a "Deed of Separation" in which they agreed *thereafter* to "live separate and apart from each other as fully and completely and in the same manner and to the same extent as though they (had) never been married"; and that contiuously from February 29, 1960, until the commencement of this action on March 16, 1962, plaintiff and defendant had lived separate and apart from each other.

The "Deed of Separation," referred to in defendant's alleged plea in bar as "Articles of Separation," is referred to hereafter as the separation agreement. It was offered in evidence by plaintiff. The separation agreement, drafted by counsel for defendant, is dated February 29, 1960, and was duly executed and acknowledged by plaintiff and defendant on that date; and, in accordance with G.S. § 52-12, the Assistant Clerk of the Superior Court of Mecklenburg County, after private examination of defendant, certified that it was not unreasonable or injurious to defendant but was "reasonable, just, and fair to her."

In their separation agreement, plaintiff and defendant agreed, *inter alia,* as follows: Each could acquire, own and dispose of property as if unmarried. Neither would molest the other or interfere in any way with the other's freedom of action. Plaintiff would not be responsible thereafter for the support of defendant. Defendant would have the custody of the three children of the marriage subject to plaintiff's prescribed rights of visitation. Plaintiff would pay specified amounts at specified times to defendant for the support of the children. Plaintiff would maintain and keep in force an $8,000.00 life insurance

policy "with the same beneficiary or beneficiaries as listed thereon *until such time as he may remarry,* at which time he agrees to change the beneficiaries to his children, share and share alike." (Our italics) Plaintiff would pay all medical, hospital, doctor bills, etc., of his children. Plaintiff would pay all bills he or any member of his family had incurred prior to February 29, 1960. Plaintiff would convey to defendant all of his right, title and interest in and to the home at 5745 Murrayhill Road theretofore owned by plaintiff and defendant as tenants by entirety. Plaintiff granted, conveyed and quit-claimed to defendant all his right, title and interest in and to all furniture, appliances, household effects and other personalty located in and about the home at 5745 Murrayhill Road.

The separation agreement recites that plaintiff and defendant "were married on January 25, 1947, and thereafter lived together as man and wife until the date of this agreement." Referring to said separation agreement, defendant testified: "Yes, it was agreed at that time that my husband and I would not live together as man and wife, and that I could go my way and he could go his."

Defendant does not allege or contend that plaintiff procured the separation agreement by fraud or duress. In this connection, see *Pearce v. Pearce,* 225 N.C. 571, 35 S.E. 2d 636. No question as to the mental capacity of either plaintiff or defendant is involved. In this connection, see *Moody v. Moody,* 253 N.C. 752, 117 S.E. 2d 724.

G.S. § 50-6 creates "an independent cause of divorce." *Byers v. Byers,* 222 N.C. 298, 303, 22 S.E. 2d 902, where the history of this statute is set forth; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466. Suffice to say, where the husband and wife separate by mutual consent and thereafter live separate and apart for two years or more, such separation constitutes a ground for absolute divorce under G.S. § 50-6. *Williams v. Williams,* 224 N.C. 91, 29 S.E. 2d 39; *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492.

Here, if the jury believed the evidence and all of it and found the facts to be as testified by the witnesses and shown by the documentary evidence, it was the jury's duty to answer the third issue, "Yes." Notwithstanding, the jury answered the third issue, "No."

Plaintiff assigns as error designated portions of the court's instructions to the jury, including the excerpts quoted below.

With reference to the third issue, the court instructed the jury, *inter alia,* as follows: ". . . if you find . . . the original separation was the fault of the plaintiff and that then the defendant signed this deed of separation under the idea that he would comply with it, that both parties would comply with it, and recited therein that they were living separate and apart and continued to live separate and apart, but that

after that he failed to comply with the promises that he made when he signed the deed of separation, and that that failure to comply was his fault, that is that he was able to do otherwise, that he could have complied with it and didn't, then if you find that he didn't comply with it just because he didn't want to, not because he is not able to, then that would have the effect when he breached the contract, of placing them back in the same status insofar as the separation is concerned, as they were prior to the time they were, prior to the time the separation agreement was signed."

The phrase, "if you find . . . the original separation was the fault of the plaintiff," suggests there had been a separation prior to February 29, 1960. However, all the evidence tends to show plaintiff and defendant and their three children had lived in the home at 5745 Murrayhill Road until their separation on February 29, 1960. "Where the statute defines the ground for divorce as a 'living separate and apart' for a certain period, the fact that while the parties have become estranged they continued to live under the same roof precludes a finding that they have lived separate and apart." 17 Am. Jur., Divorce and Separation § 185. It has been so held by this Court. *Dudley v. Dudley,* 225 N.C. 83, 33 S.E. 2d 489. There is no evidence plaintiff and defendant "lived separate and apart" within the meaning of G.S. § 50-6 prior to February 29, 1960.

Admittedly, plaintiff did not comply fully with the terms of the separation agreement with reference to the payments he agreed to make for the support of the children. The gist of the quoted instruction is that if the plaintiff could have but did not make all the payments he was obligated to make under the separation agreement, plaintiff's breach of contract in this respect nullified the separation of February 29, 1960, and on account thereof the relationship as between plaintiff and defendant was the same as if they had not separated on February 29, 1960. In our view, and we so hold, the quoted instruction was erroneous.

"A husband and wife live separate and apart for the prescribed period within the meaning of G.S. 50-6 when, and only when, these two conditions concur: (1) They live separate and apart physically for an uninterrupted period of two years; and (2) their physical separation is accompanied by at least an intention on the part of one of them to cease their matrimonial cohabitation." *Mallard v. Mallard,* 234 N.C. 654, 656, 68 S.E. 2d 247, and cases cited. All the evidence tends to show both plaintiff and defendant, when they separated on February 29, 1960, intended to cease their matrimonial cohabitation and thereafter live separate and apart and that they did so. This fact cannot be removed nor is its legal significance impaired by plaintiff's

partial failure to pay the amounts he had agreed to pay for the support of his children.

It is noted: Defendant did not seek, nor did the court make, any allowance for her support. (Defendant's evidence tends to show she is employed and, including overtime, has gross earnings of approximately $500.00 per month.) While defendant prayed that plaintiff's "request for a divorce be denied," the only affirmative relief she sought was an order granting her custody of the children and requiring plaintiff (1) to pay all past due amounts, and (2) to pay "a reasonable and adequate sum each month for the support and maintenance of the children in the future," and for an allowance of fees for her counsel.

The terms of the separation agreement do not limit the authority of the court to make and enforce such allowances for the support of the children as circumstances may require. In this connection, see *Thomas v. Thomas,* 248 N.C. 269, 271, 103 S.E. 2d 371, and cases cited.

With reference to the fourth issue, the court instructed the jury as follows: "Now, on issue #4, if the defendant . . . has satisfied you from this evidence and by its greater weight, that the separation between the plaintiff and the defendant was occasioned and brought about by the acts of misconduct of the plaintiff . . ., then if you find by the greater weight of the evidence, the burden being on the defendant, then you would answer issue #4 'yes.' If you are not so satisfied, you would answer it 'no,' or if, upon a fair and impartial consideration of all the evidence, the weight of the evidence on that issue is equally balanced between the parties or if it outweighs in favor of the plaintiff, then you would answer issue #4 'no,' because the burden is on the defendant to satisfy you by the greater weight of the evidence that the separation between the parties was brought about by the fault of the plaintiff. If the separation was brought about by the fault of the defendant, then the issue would be answered 'no.' If the separation was brought about by the fault of both of them, your answer to #4 would be 'no,' because the burden is upon Mrs. Richardson the defendant, to satisfy you by the greater weight of the evidence that the separation was brought about by the fault of Mr. Richardson, the plaintiff."

If it be conceded that defendant's pleading and evidence were sufficient to warrant submission of the fourth issue, the question would arise as to whether the quoted instruction is erroneous on account of the court's failure to instruct the jury as to what, in terms of defendant's pleadings and evidence, would constitute "fault of the plaintiff" within the meaning of the fourth issue.

Conceding, but not deciding, defendant's pleading was sufficient to raise the fourth issue, the burden of proof on this issue was on de-

fendant. In such case, the uncontradicted evidence would require that the court instruct the jury to answer the fourth issue, "No."

True, where the husband sues the wife under G.S. § 50-6 for an absolute divorce on the ground of two years' separation, the wife may defeat the husband's action by alleging and establishing as an affirmative defense that the separation was caused by the husband's wilful abandonment of his wife. *Johnson v. Johnson,* 237 N.C. 383, 75 S.E. 2d 109, and cases cited; *Pruett v. Pruett,* 247 N.C. 13, 25, 100 S.E. 2d 296, and cases cited. In such case, the burden of proof is on the defendant (wife) to establish her alleged affirmative defense. *Taylor v. Taylor, supra; McLean v. McLean,* 237 N.C. 122, 125, 74 S.E. 2d 320.

Here, there was no wilful abandonment of defendant by plaintiff. Their separation on February 29, 1960, was by mutual consent. Whether plaintiff, while living with defendant, was guilty of such conduct as would have justified defendant if she had separated herself from him is not presented. Suffice to say, she did not do so. Plaintiff and defendant having lived together until their separation on February 29, 1960, and having then separated by mutual consent, defendant cannot attack the legality of their separation from and after February 29, 1960, on account of alleged misconduct while they were living together. *Pearce v. Pearce, supra.*

According to our decisions, the effect of a divorce *a mensa et thoro,* obtained by the wife on the ground her husband abandoned her, is to legalize their separation from the date of such judgment; and in such case the husband, after two years from the date of such judgment, may proceed to an absolute divorce. *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444; *Pruett v. Pruett, supra; Sears v. Sears,* 253 N.C. 415, 117 S.E. 2d 7. Where an original separation is caused by the husband's abandonment of his wife, and subsequently the husband and wife enter into and execute a valid separation agreement, their separation agreement would seem to legalize their separation from and after the date thereof. However, that factual situation is not presented on this appeal. Here, there was no separation of plaintiff and defendant except the separation by mutual consent on February 29, 1960, pursuant to the terms of the separation agreement.

Defendant cites and relies upon *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471, and *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745. In Pharr, this Court upheld orders (1) denying the plaintiff's motion to strike a portion of the defendant's answer, and (2) permitting the defendant to file an amended further answer and defense. In Butler, this Court held the plaintiff was entitled to allowances for subsistence and counsel fees *pendente lite.* These decisions relate solely to pleadings and interlocutory orders. While not sharply drawn into focus, it ap-

pears the controversy, to the extent a separation agreement was involved, related to whether the wife was precluded thereby from obtaining a court order requiring the husband to make the payments for her support. Suffice to say, the *Pharr* and *Butler* cases do not control decision on the facts established by the uncontradicted evidence herein.

For error in the instructions relating to the third and fourth issues, the verdict and judgment are vacated; and the cause is remanded for a new trial in accordance with the law as stated herein.

New trial.