WILLIAM WAYNE JONES v. JOSEPHINE TYNDALL JONES.

(Filed 8 April, 1964.)

**1. Divorce and Alimony § 13—**

    A deed of separation legalizes the separation, and neither party may attack its legality on account of the prior misconduct of the other.

**2. Husband and Wife § 12;   Cancellation and Rescission of Instruments § 2—**

    Allegations and evidence that the wife signed the deed of separation providing for the support of the children of the marriage in desperation because of her destitution *held* insufficient for the cancellation of the agreement, since a threat to withhold that which a party has an adequate remedy to enforce cannot constitute duress.

APPEAL by defendant from *Cowper, J.,* October 14, 1963 Session of LENOIR.

On June 6, 1962 plaintiff instituted this action against his wife for an absolute divorce alleging that they had lived separate and apart since on or about April 9, 1955. Answering, the defendant alleged that on June 27, 1954 plaintiff, by threats against their physical safety, had forced her and their two children to leave the home which they had shared with him; that on April 9, 1955 plaintiff procured her signature to a separation agreement "partly through the threats of the plaintiff and partly through the utter privation and destitution to which defendant and her children had been reduced by the abandonment and neglect of the plaintiff . . ." She prayed that the deed of separation be set aside; that she be awarded permanent alimony, and that plaintiff be denied a divorce. By reply, plaintiff alleged the validity of the deed of separation and plead the three-year statute of limitations as a bar to any cause of action to rescind it.

Upon the trial, plaintiff offered evidence tending to establish the allegations of his complaint and, in support thereof, introduced the deed of separation duly executed by the parties on April 9, 1955. By its terms each spouse released any claim to the property of the other and, in consideration of five hundred dollars, defendant relieved plaintiff from all his marital obligations to her. Plaintiff agreed to support each of their two children until the child became eighteen years of age. Plaintiff also introduced a "reciprocal bill of sale" executed on April 11, 1955 by the parties whereby they divided their household goods. Plaintiff has made all of the payments required by the deed of separation.

Defendant offered evidence tending to show (1) that the original separation on June 27, 1954 occurred because plaintiff threatened to

STATE *v.* SMITH.

shoot her if she did not leave, and (2) that plaintiff told her she would get no help from him unless she signed the deed of separation and that she did so in desperation. The court sustained plaintiff's objection to this evidence and defendant assigns its exclusion as error.

The jury answered the usual three issues with reference to marriage, residence, and separation in favor of the plaintiff under a peremptory instruction by the court. From a judgment granting the plaintiff an absolute divorce the defendant appealed.

*Jones, Reed & Griffin for plaintiff appellee.*
*Herbert B. Hulse for defendant appellant.*

PER CURIAM.   When a husband and wife execute a valid deed of separation and thereafter live apart, such separation exists by mutual consent from the date of the execution of the instrument. *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525. As long as the deed stands unimpeached, neither party can attack the legality of the separation on account of the misconduct of the other prior to its execution. *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235.

Recognizing this rule, defendant attempted to avoid the deed of separation on the ground that it was obtained by duress. However, neither the facts alleged nor the proffered proof are sufficient to invalidate the contract which was not executed until nine months after the parties had separated. Plaintiff's duty to support his children was an obligation which defendant could have forced him to perform under both the criminal and the civil law. "A threat to withhold from a party a legal right which he has an adequate remedy to enforce will not constitute duress . . ." 17 C.J.S. *Contracts* § 172. Defendant has acquiesced for over seven years in the deed of separation which she would now avoid. She has shown no ground for rescission.

In the trial below we find
No error.