J. H. EDMISTEN v. MARGARET Q. EDMISTEN.

(Filed 20 October, 1965.)

**Divorce and Alimony § 13—**

> Misconduct of the husband prior to the execution of a valid deed of separation cannot defeat his right of action for divorce brought two years after the execution of the deed of separation. G.S. 50-6.

APPEAL by defendant from *McLean, J.,* June 1965 Civil Session of WATAUGA.

Plaintiff-husband, a longtime resident of this State, on February 13, 1965, instituted this action for divorce under G.S. 50-6. He alleges that he and defendant-wife have lived continuously separate and apart since January 14, 1963, the day on which they executed a deed of separation. Answering, defendant admits the execution of the separation agreement and avers that the parties have actually lived separate and apart since June 1, 1962. In a further answer she alleges, as a defense to plaintiff's action and as grounds for affirmative relief, many acts of misconduct on the part of plaintiff prior to January 14, 1963. Plaintiff's demurrer to the further answer was sustained. At the trial, plaintiff's evidence tended to establish the allegations of his complaint. *Inter alia,* he introduced the duly executed deed of separation which contained the parties' agreement to live apart from and after January 14, 1963, made a property settlement, determined the custody and support of their children, and released each other from all marital obligations. Defendant offered no evidence. The usual three issues were submitted and, under peremptory instructions, answered in favor of the plaintiff. From a judgment divorcing the parties *a vinculo,* defendant appeals.

*Louis H. Smith for defendant appellant.*
*Holshouser & Holshouser for plaintiff appellee.*

PER CURIAM. From and after the execution of a valid deed of separation, a husband and wife living apart do so by mutual consent. The prior misconduct of one will not defeat his action for divorce under G.S. 50-6, brought two years thereafter. Plaintiff's demurrer to defendant's further answer was properly sustained. The judgment is affirmed upon the authority of *Jones v. Jones,* 261 N.C. 612, 135 S.E. 2d 554; *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525.

Affirmed.