RAYMOND BAHNSON O'BRIEN v. HELEN VIRGINIA EVERHART O'BRIEN.

(Filed 4 February, 1966.)

**1. Divorce and Alimony § 13—**

A separation agreement legalizes the separation, and in the husband's suit for divorce on the ground of more than two years' separation after the execution of the agreement the wife may not maintain that the separation was the result of his wrongful abandonment of her.

**2. Same— Husband's failure to make payments for support of children is not defense to his action for divorce on ground of separation.**

Where it appears in the husband's action for divorce on the ground of separation that he had made payments for the support of his children in accordance with the order theretofore entered in the cause, the wife is not entitled to introduce orders entered in her prior separate action on the separation agreement holding the husband in contempt for failure to make payments in accordance with a prior order entered in that cause, or an order entered in still another action instituted by her, decreeing that the wife was entitled to a stipulated sum under the terms of the separation agreement, such orders not having been pleaded as affirmative defenses to the husband's right to divorce on the ground of separation.

**3. Divorce and Alimony § 20—**

Ordinarily, a decree of divorce on the ground of separation does not destroy the wife's right to receive alimony or other benefits provided for her under prior judgment or decree. G.S. 50-11.

**4. Divorce and Alimony § 13; Trial § 3—**

Even though the husband is in contempt of court for failure to make payments for the support of his wife and children as required by orders entered in separate actions instituted by her, her motion for continuance of his subsequent action for divorce on the ground of separation is still addressed to the discretion of court, and when the uncontradicted evidence discloses that the husband had made all payments for the support of his children in accordance with the prior order entered in his action for divorce, the court's order in refusing to continue his action will not be disturbed.

APPEAL by defendant from *Olive, E.J.,* April 5, 1965, Civil Session of FORSYTH.

Plaintiff (husband) instituted this action July 10, 1963, under G.S. 50-6 for absolute divorce on the ground of two years separation.

Plaintiff's allegations as to (1) residence, (2) marriage on November 10, 1935, (3) separation on January 17, 1960, and continuously thereafter, (4) names and ages of the four children, were admitted in an answer filed by defendant on July 30, 1963. Defendant alleged as a "further" defense that the separation was caused solely by plaintiff's wrongful abandonment of defendant and the two minor children.

O'BRIEN v. O'BRIEN.

At January 18, 1965, Civil Session, defendant moved that the trial of this action be continued on the ground defendant at August 3, 1964, Civil Session had "obtained default Judgment against plaintiff for child support in the principal amount of $2,285.00," defendant asserting "that the Court in the exercise of its equity jurisdiction should decline to entertain plaintiff's cause of action until such time as the aforesaid Judgment is paid and satisfied." This motion was denied by Crissman, J., by order entered March 3, 1965, and defendant excepted.

At trial, the court admitted over defendant's objections deeds of separation dated March 7, 1960, and October 11, 1960; and the court excluded (1) certain documentary evidence proffered by defendant and (2) testimony proffered by defendant relating to what occurred on the occasion of the separation. Defendant excepted to all adverse rulings in respect of the admission and exclusion of evidence.

The court submitted the usual issues as to residence, marriage and separation. Defendant tendered, but the court refused to submit, this additional issue: "Was the separation of the parties caused by plaintiff's abandonment of defendant and her two minor children, as alleged in the Answer?" Defendant excepted.

The issues submitted having been answered in favor of plaintiff, judgment was entered dissolving the bonds of matrimony and granting plaintiff an absolute divorce from defendant. Defendant excepted and appealed.

*Fred M. Parrish, Jr., Hatfield & Allman and Roy G. Hall, Jr., for plaintiff appellee.*
*Clyde C. Randolph, Jr., for defendant appellant.*

BOBBITT, J. The separation agreements offered in evidence by plaintiff and admitted over defendant's objections were duly executed and acknowledged by plaintiff and defendant; and, in accordance with the statute then codified as G.S. 52-12, the justice of the peace who took defendant's acknowledgment, after private examination of defendant, certified that the agreement(s) was not unreasonable or injurious to her.

Both separation agreements contain this provision: ". . . Helen Virginia Everhart O'Brien and Raymond Bahnson O'Brien do agree to separate and live separate and apart from and after the 18th day of January, 1960 and that they shall continue to live separate and apart each from the other, as fully and as completely and in the same manner and to the same extent as though they had never been married . . ." The separation agreement of October 11, 1960

differs from that of March 7, 1960 only in respect of the payments the husband was required to make to the wife for her support and the support of the two minor children.

Where the husband sues the wife under G.S. 50-6 for an absolute divorce on the ground of two years separation, the wife may defeat the husband's action by alleging and establishing as an affirmative defense that the separation was caused by the husband's abandonment of his wife. *Taylor v. Taylor,* 257 N.C. 130, 125 S.E. 2d 373, and cases cited. Whether the admitted or excluded evidence proffered by defendant relating to what occurred on the occasion of the separation in January 1960 was sufficient, in the absence of the separation agreements, to require submission of the additional issue tendered by defendant and to support an answer thereto in favor of defendant need not be determined. Defendant does not attack the separation agreements but, as indicated below, has relied thereon in a separate action against her husband. "When a husband and wife execute a valid deed of separation and thereafter live apart, such separation exists by mutual consent from the date of the execution of the instrument. *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525. As long as the deed stands unimpeached, neither party can attack the legality of the separation on account of the misconduct of the other prior to its execution. *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235." *Jones v. Jones,* 261 N.C. 612, 135 S.E. 2d 554; *Edmisten v. Edmisten,* 265 N.C. 488, 144 S.E. 2d 404. The separation agreements having been entered into more than two years prior to the date of the institution of this action, the circumstances surrounding the separation in January 1960 were no longer significant and relevant in respect of plaintiff's right to obtain an absolute divorce on the ground of two years separation. Hence, the court properly refused to submit the additional issue tendered by defendant.

The documents discussed below are those proffered in evidence by defendant but excluded by the court on objections by plaintiff.

Two of these documents are orders entered in a separate action instituted August 15, 1961, by the wife (defendant herein) under G.S. 50-16 against the husband (plaintiff herein) after hearings on return of orders to the husband to show cause why he should not be adjudged in contempt for failure to make the payments for the support of his wife and two minor children as provided by an order entered in said separate action by Johnston, J., on August 20, 1961. The first of these orders, signed August 2, 1962, by Gambill, J., determined that the husband was in arrears in the amount of $535.00 and ordered that he be taken into custody upon his failure to make payment thereof. The second, signed August 28, 1963, by Olive, E.J.,

after setting forth extensive findings of fact, determined that the husband was in arrears in the amount of $1,710.00, and that he had wilfully failed and refused to make the payments required by Judge Johnston's order of August 20, 1961; and it was ordered that he be confined in the common jail of Forsyth County until he complied with Judge Johnston's said order or was "otherwise discharged according to law."

Defendant, in her answer, did not plead said orders or either of them as an affirmative defense to plaintiff's action. Indeed, her pleading contains no reference to said orders or to the separate action in which they were entered. Absent such pleading, the said orders were not relevant to issues raised by the pleadings.

G.S. 50-11 provides, with exceptions not pertinent here, that "a decree of absolute divorce shall not impair or destroy the right of the wife to receive alimony and other rights provided for her under any judgment or decree of a court rendered before the rendering of the judgment for absolute divorce."

The order entered by Judge Johnston in said separate action on August 20, 1961, is not before us. The two orders proffered in evidence by defendant relate to the status of said separate action as of August 2, 1962, and August 28, 1963, respectively. They do not show the status of said separate action when the present action came on for trial before Olive, E.J., at April 5, 1965, Civil Session.

Judgment of absolute divorce was entered herein on April 8, 1965. The record does not disclose facts sufficient to determine to what extent, if any, defendant, in her own right, is adversely affected by the judgment of absolute divorce. In this connection, see *Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867, and cases cited. With reference to the minor children, neither the separation agreement nor the judgment of absolute divorce limits the authority of the court to require plaintiff, the father, to make such payments for their support as the court deems right and proper. *Kiger v. Kiger*, 258 N.C. 126, 129, 128 S.E. 2d 235.

As indicated, the record does not disclose what occurred in said separate action subsequent to Judge Olive's order therein of August 28, 1963. In the present action, an order was entered June 22, 1964, providing that plaintiff pay defendant the sum of $180.00 per month for the support of the two minor children, and that he pay certain fees to defendant's counsel. At the trial of the present action, plaintiff, according to his uncontradicted testimony, was paying the $180.00 per month as required by the terms of this order.

The only other excluded document is a default judgment for $2,285.00 which the wife (defendant herein) obtained against the husband (plaintiff herein) at August 3, 1964, Civil Session in an-

*other* separate action. It recites that the amended complaint filed in such action alleged the wife was entitled to the $2,285.00 "for child support under the terms of a separation agreement entered into between the parties October 11, 1960." This judgment is based on plaintiff's contractual obligations under the separation agreement of October 11, 1960, not on his legal duty to support his minor children. Payment thereof is not enforceable by contempt proceedings. It is not pleaded or referred to in defendant's answer. Apparently, the minor children would be sole beneficiaries of the judgment if and when collected. It is not relevant to plaintiff's right to obtain a judgment of absolute divorce.

We find no error in the court's rulings relating to the admission and exclusion of evidence and defendant's assignments of error relating thereto are overruled.

There remains for consideration the assignment of error based on defendant's exception to the denial by Judge Crissman on March 3, 1965, of defendant's motion that the trial be deferred "until such time as the aforesaid (default) Judgment is paid and satisfied." This motion is based solely on the said default judgment for $2,-285.00. As indicated, this judgment is based solely on defendant's contractual obligation under said separation agreement of October 11, 1960. There is no basis for the contention that failure to pay said judgment constituted contempt of court.

It does not appear that defendant made any motion for a continuance when the case came on for trial before Olive, E.J., at April 5, 1965, Civil Session.

"A motion for a continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of manifest abuse of discretion." 4 Strong, N. C. Index, Trial § 3. Even if there were a factual basis for defendant's contention that plaintiff was in contempt of court when the present action came on for trial, a motion by defendant for a continuance would be addressed to the discretion of the trial judge. *Lumber Co. v. Cottingham,* 168 N.C. 544, 84 S.E. 864; *Finance Co. v. Hendry,* 189 N.C. 549, 555-556, 127 S.E. 629. Conceding, without deciding, that defendant's motion for a continuance was for determination by Judge Crissman rather than by the trial judge, there is no basis for a contention that his denial of defendant's motion was a manifest abuse of discretion.

While "(i)t is generally held that, where a husband institutes an action for a divorce, and the court makes an order directing him to pay temporary alimony and suit money to enable the defendant to make her defense, his neglect or refusal to obey the order *will*

*warrant* the court in refusing to proceed further with the case until the payment is made as directed," (our italics) Annotation, 62 A.L.R. 663, 664, the uncontradicted evidence is that plaintiff complied fully with the only order entered *in the present case* with reference to support payments and counsel fees. With reference to the separate actions in which the wife was plaintiff and the husband was defendant, it is noted (in addition to matters set forth above) that nothing indicates the husband sought affirmative relief of any kind therein.

After full consideration, the assignments of error do not show grounds for awarding a new trial.

No error.