MRS. SUE W. BASS, WIDOW, ELIZABETH I. NANCE, MOTHER, HORACE G. BASS, FATHER, CARL LEE BASS, DECEASED EMPLOYEE, PLAINTIFFS v. MOORESVILLE MILLS, EMPLOYER, LIBERTY MUTUAL INSURANCE CO., CARRIER, DEFENDANTS

No. 7122IC234

(Filed 14 July 1971)

1. Master and Servant § 79— workmen's compensation death benefits — separation agreement — justifiable cause

A husband and wife are not living separate and apart for "justifiable cause," within the meaning of G.S. 97-2(14), if they are living separate and apart as a result of a mutual agreement evidenced by a legally executed separation agreement.

2. Master and Servant § 79— workmen's compensation death benefits — separation agreement — misconduct of husband-employee

In a proceeding to determine the recipient of workmen's compensation death benefits, the deceased employee's wife cannot go behind a legally executed separation agreement in an attempt to show that her separation from the employee-husband at the time of his death was caused by misconduct of the husband.

3. Husband and Wife § 12— rescission of separation agreement — resumption of conjugal relations

A separation agreement is rescinded, at least as to the future, by a resumption of conjugal relations.

4. Master and Servant § 79— workmen's compensation death benefits — separation for justifiable cause

In this proceeding to determine the recipient of workmen's compensation death benefits, the wife's evidence was sufficient to support a conclusion that she and the employee-husband were living separate and apart for justifiable cause, where it tended to show that they had resumed conjugal relations shortly before his death, that they were living apart only until a female companion of the wife could make arrangements to move so that the husband could move back into the home, and that the companion had made arrangements to move on the weekend following the husband's death and that the husband, had he lived, would have returned to the home at that time.

5. Master and Servant § 79— workmen's compensation death benefits — separation for justifiable cause

While "justifiable cause" is usually equated to some form of marital misconduct, it is also applicable where the separation is not intended by the parties to be permanent, the temporary living apart being merely for reasons of convenience.

APPEAL by Elizabeth I. Nance from North Carolina Industrial Commission, opinion and award of 13 November 1970.

Carl Lee Bass died 26 November 1969 as a result of an accident arising out of and in the course of his employment. Mr. Dandelake, Deputy Commissioner, held a hearing for the sole purpose of determining whether the decedent's widow, Sue W. Bass, or his mother, Elizabeth I. Nance, was entitled to the benefits payable under the provisions of the Workmen's Compensation Act. In an order filed 30 June 1970, Mr. Dandelake found, among other things: (1) Decedent and his wife were living separate and apart at the time of his death due to the deceased beating his wife's child by a former marriage. (2) They had been separated since 15 July 1969, after filing a separation agreement. (3) The widow of decedent was living separate and apart from deceased for justifiable cause. (4) No one, other than decedent's wife, was either wholly or partially dependent upon him for support. Based upon these findings, benefits were ordered paid to the wife.

The mother, Mrs. Nance, appealed to the Full Commission. The Full Commission adopted as its own the findings of fact and conclusions made by Mr. Dandelake and affirmed the award. The mother appealed to this Court.

*Hugh M. McAulay and J. C. Sedberry for plaintiff appellee Mrs. Sue Wright Bass.*

*Collier, Harris & Homesley by Walter H. Jones, Jr., for petitioner appellant.*

GRAHAM, Judge.

The decedent's mother, as the sole "next of kin," is entitled to the benefits payable under the Workmen's Compensation Act if her son left no dependents within the meaning of the Act. G.S. 97-40. The wife was not actually dependent for her support upon deceased, but under the Act she is nevertheless conclusively presumed to have been fully dependent if she qualifies as a widow within the meaning of that term as defined in the Act. G.S. 97-39.

The term "widow," as defined in G.S. 97-2(14), includes "only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time."

The mother contends that her son and his wife were living separate and apart pursuant to the terms of a mutual agree-

Bass v. Mooresville·Mills

ment of separation in which the wife had waived any right for maintenance and support. This, she argues, does not constitute living apart for "justifiable cause" within the meaning of G.S. 97-2(14). It was admitted, and the Commission found, that the parties executed such an agreement on 15 July 1969. The Commission made no finding that the agreement was thereafter rescinded, modified or voided for any reason. Thus two questions are raised: (1) Are a husband and wife living separate and apart for justifiable cause, within the meaning of G.S. 97-2(14), if they are living separate and apart as a result of a mutual agreement evidenced by a legally executed separation agreement? (2) Can the wife go behind a legally executed separation agreement in an attempt to show that the separation, though mutually agreed upon, was caused by the misconduct of the husband? We answer both questions in the negative.

[1] Neither question appears to have been previously dealt with by any court decision in this State. As to the first question, there is authority in other jurisdictions to the effect that "justifiable cause," as that term is employed in statutory provisions similar to our G.S. 97-2(14), may not be interpreted as applicable to separations by mutual consent. *Weeks v. Behrend,* 135 F. 2d 258 (D.C. Cir. 1943); *Milton v. Long-Bell Lumber Co.,* 165 La. 336, 115 So. 582; Newman's Case, 222 Mass. 563, 111 N.E. 359; *Olson v. Dahlin Jones Electric Co.,* 190 Minn. 426, 252 N.W. 78; 99 C.J.S., Workmen's Compensation, § 140(3)(c), pp. 474, 475, 476, and cases there cited.

We think the authorities cited above are sound. The beneficial intent of the Workmen's Compensation Act is to grant certain and speedy relief to employees, or, in the case of death, to their dependents. *Cabe v. Parker-Graham-Sexton, Inc.,* 202 N.C. 176, 162 S.E. 223. The legislature, in its wisdom, has made it difficult for widows, widowers and children to be precluded from benefits under the Act by providing in G.S. 97-39 that they shall be conclusively presumed to be dependents. This provision is sound public policy. By the definition of "Widow" as contained in G.S. 97-2(14), however, the legislature has also made it clear that only widows who come within that definition are entitled to this presumption. This is also sound public policy because certainly there is no reason why a separated wife who has surrendered all right to look to the husband for support while he is living, should upon his death, receive benefits that

are intended to replace in part the support which the husband was providing, or should have been providing.

[2]   As to the second question, we see no reason why the answer should not be governed by the following well established rule which is set forth in *Jones v. Jones,* 261 N.C. 612, 135 S.E. 2d 554:

> "When a husband and wife execute a valid deed of separation and thereafter live apart, such separation exists by mutual consent from the date of the execution of the instrument. *Richardson v. Richardson,* 257 N.C. 705, 127 S.E. 2d 525. As long as the deed stands unimpeached, neither party can attack the legality of the separation on account of the misconduct of the other prior to its execution."

> In accord: *Edmisten v. Edmisten,* 265 N.C. 488, 144 S.E. 2d 404; *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235.

If the separation agreement, entered 15 July 1969, was in full force and effect at the time of the employee's death, the employee and his wife were, as a matter of law, living separate and apart by mutual consent, and evidence of the husband's prior conduct toward the wife's child by a former marriage would be incompetent and should not be considered.

[4]   For the reasons set forth, the opinion and award of the Commission cannot be sustained. However, there was evidence before the Commission which if found to be true would entitle the wife to the benefits claimed. The case must therefore be remanded for consideration of this evidence and a determination of the crucial issues which it raises.

[3]   The wife testified that she and her husband had resumed conjugal relations shortly before his death. A separation agreement is rescinded, at least as to the future, by a resumption of conjugal relations. *Tilley v. Tilley,* 268 N.C. 630, 151 S.E. 2d 592; *Hutchins v. Hutchins,* 260 N.C. 628, 133 S.E. 2d 459; *Turner v. Turner,* 242 N.C. 533, 89 S.E. 2d 245. The wife also testified that she and her husband were living apart only until a female companion of the wife, who had been living in the home with the wife during the separation, could make arrangements to move so that the husband could move back into the home. There was evidence tending to show that the companion

had made arrangements to move on the weekend following the decedent's death and that the decedent, had he lived, would have returned to the home at that time.

[4, 5]   It is our opinion that the wife's evidence, if found to be true, would support a conclusion that the parties were living apart for justifiable cause. While justifiable cause is usually equated to some form of marital misconduct, it would also seem to be applicable where the separation is not intended by the parties to be permanent, the temporary living apart being merely for reasons of convenience. In some cases a separation of this type is said not to preclude a finding that the wife was living with the husband "at the time of his death" within the terms of the statute, and hence not to preclude the conclusive presumption that she was fully dependent on her husband for support. *Wisconsin Bridge & Iron Co. v. Krueger,* 104 Ind. App. 152, 10 N.E. 2d 423; *Samp. v. Industrial Comm.,* 240 Wis. 559, 3 N.W. 2d 371. "If the living apart of the husband and wife is merely for the mutual convenience or the joint advantage of the parties and the obligation of the husband to support her is recognized, the right of the wife to compensation exists as though they were living together." 99 C.J.S., Workmen's Compensation, § 140(3), pp. 471, 472.

It is clear from the wife's evidence that her theory at the hearing was that the separation agreement had been rescinded and that the fact she and her husband had not resumed cohabitating under the same roof at the time of his death did not constitute a "living separate and apart" within the meaning of G.S. 97-2(14) ; or, if it did constitute living "separate and apart," it was for justifiable cause arising from the fact the husband could not move back into the home until the wife's female companion moved out.

Evidence about the husband's mistreatment of the child was injected into the hearing in response to questions propounded to the wife by the Deputy Commissioner as to why the separation occurred. While this evidence might have some bearing on the question of why the parties originally separated, it has nothing to do with the essential question of why they were living separate and apart at the time of the husband's death. Furthermore, this evidence is in conflict with all of the evidence directed toward this crucial question. The wife's evidence was that she and her husband were living separate and apart only

because the companion had not moved from the home. The mother's evidence was that they were living separate and apart under the terms of a valid contract of separation.

The case is remanded and the Industrial Commission is directed to make new findings of fact, based on the competent evidence in the record and determinative of the questions at issue.

Error and remanded.

Judges CAMPBELL and BRITT concur.