JAMES D. SLOOP, JR., SON, CAROL ANNE WHITLOCK, DAUGHTER,
AND EDNA R. SLOOP, ALLEDGED WIDOW OF JAMES D. SLOOP, DE-
CEASED, EMPLOYEE v. WILLIAMS EXXON SERVICE, EMPLOYER
AND AETNA CASUALTY & SURETY CO., CARRIER

No. 7426IC842

(Filed 4 December 1974)

Master and Servant § 79— workmen's compensation death benefits —
   separation agreement — justifiable cause
      A husband and wife were not living separate and apart for
   "justifiable cause" within the meaning of G.S. 97-2(14) when they

were living separate and apart as a result of a mutual agreement evidenced by a legally executed separation agreement, and the wife was thus not entitled to receive benefits payable under the Workmen's Compensation Act for death of the husband.

APPEAL by plaintiff Edna R. Sloop from the North Carolina Industrial Commission's opinion and award of 31 July 1974. Heard in the Court of Appeals on 12 November 1974.

On 19 June 1973 James D. Sloop sustained an injury by accident arising out of and in the course of his employment with defendant employer, and as a direct and proximate result thereof he died on 3 July 1973. A hearing before Deputy Commissioner A. E. Leake resulted in a conclusion of law that Edna Sloop was not the widow of the deceased as defined by G.S. 97-2 (14) since she was living separate and apart from him by mutual agreement pursuant to a deed of separation. Since the deceased left no dependents, compensation was distributed to his next of kin under G.S. 29-15 (2) and G.S. 29-16 (1). Edna Sloop appealed to the Full Commission which in turn adopted the opinion of the Deputy Commissioner and affirmed his award. Now she appeals to this Court.

*Welling and Miller, by George J. Miller, for plaintiff appellees.*

*Joseph B. Roberts III and Geoffrey A. Planer, for plaintiff appellant Edna R. Sloop.*

MARTIN, Judge.

Appellant Edna Sloop presents a single question for our consideration which can be stated as follows: "Did the Full Commission err in concluding as a matter of law that a husband and wife are not living separate and apart for 'justifiable cause' within the meaning of G.S. 97-2 (14) if they are living separate and apart as a result of a mutual agreement evidenced by a legally executed separation agreement?"

Counsel for appellant concedes that the Full Commission merely followed this Court's determination in *Bass v. Mooresville Mills,* 11 N.C. App. 631, 182 S.E. 2d 246 (1971) where an identical question was posed. However, counsel strongly urges this Court to rethink the question and depart from *Bass.*

G.S. 97-39 provides in part that a "widow" shall be conclusively presumed to be wholly dependent for support upon the

Trust Co. v. Construction Co.

deceased employee. "The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." G.S. 97-2(14). "[T]here is authority in other jurisdictions to the effect that 'justifiable cause,' as that term is employed in statutory provisions similar to our G.S. 97-2(14), may not be interpreted as applicable to separations by mutual consent. [Citations]." *Bass, supra,* at 633. The Court in *Bass* considered such authority to be sound and stated at 633-634, "[T]here is no reason why a separated wife who has surrendered all right to look to the husband for support while he is living, should upon his death, receive benefits that are intended to replace in part the support which the husband was providing, or should have been providing."

In reaffirming *Bass,* we also affirm the opinion and award of the Full Commission.

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.