## URY v. BROWN.

(Filed November 26, 1901.)

1. JURISDICTION—*Superior Court—Clerks of Courts—Special Proceedings—Actions—Acts 1887, Ch. 276.*

Wherever any civil action or special proceeding begun before the clerk, *for any ground whatever,* is sent to the superior court, the superior court shall have jurisdiction.

2. GUARDIAN AND WARD—*Removal of Guardian—Conversion—Clerk of Superior Court—The Code, Sec. 1583, Subsec. 1.*

The use by a guardian of the funds of his ward for his own use is sufficient to warrant his removal.

Action by Lillie Ury, by her next friend J. V. Fisher, against R. A. Brown, heard by Judge O. H. Allen and a

jury, at June (Special) Term, 1901, of the Superior Court of CABARRUS County. From a judgment for the plaintiff, the defendant appealed.

*Self & Whitener,* and *Montgomery & Crowell,* for the plaintiff.
*W. G. Means,* for the defendant.

MONTGOMERY, J. This was a special proceeding, the object of which was the removal of the defendant from the guardianship of the complainant. It appears to us from that part of the record proceedings before the Clerk, that there might have been some doubt before the enactment of Chapter 276, of the Acts of 1887, as to whether the Superior Court in term had jurisdiction when the case was heard there. But since then it seems that whenever any civil action or special proceeding begun before the Clerk be, *for any ground whatever,* sent to the Superior Court before the Judge, the Judge shall have jurisdiction and try and determine all matters in controversy at the request of either party if he shall think it expedient. *Roseman v. Roseman,* 127 N. C., 494. Many of the matters alleged as grounds for removal of the guardian were trivial, and there is no trace of dishonesty on his part in connection with the matters connected with his trust. But upon the parts of the complaint and answer which concern the use of the guardian fund by the guardian (defendant) in his own business, the judgment of removal ought to have been made, and it is therefore unnecessary to consider the other exceptions of the defendant. The defendant admitted that he qualified as guardian for the purpose of using the money in his own business, and had used it during the guardianship. That was a conversion of the funds of his ward to his own use within the meaning of section 1583, subsection 1, of The Code.

No Error.