MISSOURIA WELLS, DUFFY HARRIS, BESSIE MOYE, AND ALONZA
HARRIS AND CHRISTANNA HARRIS, BY THEIR NEXT FRIEND, SULA
HARRIS, v. WILLIAM E. ODUM, MAMIE E. CASTET, A. D. HARRIS,
EXECUTOR, AND INDIVIDUALLY.

(Filed 31 October, 1934.)

**Wills D m—Where duty of propounding will devolves upon beneficiaries
court may allow fees to their attorneys to be paid out of estate.**

　　Where an executor named in a will advises the chief beneficiaries named
therein that a caveat had been filed and that his interest was identical with
the caveators', but that the beneficiaries could use his name as executor in
joining the propounders in the caveat proceedings, and it appears that
the will would not be proven in solemn form unless the beneficiaries pro-
pounded same: *Held*, upon the determination of the proceedings in favor
of the propounders, the trial court has the discretionary power to allow
reasonable fees out of the estate to the attorneys employed by the pro-
pounders, the employment of the attorneys being necessary to the success-
ful prosecution of the proceedings.

CIVIL ACTION, before *Daniels, J.,* at April Term, 1934, of CRAVEN.

On 4 June, 1928, Minnie L. Odum executed a last will and testament.
The testatrix had no issue and died on 23 February, 1932. The pro-
pounders, William E. Odum and Mamie E. Castet, are the children of
the deceased husband of Minnie L. Odum by a former marriage. The
caveators are the brothers and sisters of testatrix, and Bessie Moye,
Alonza Harris and Christanna Harris, minors, are the children of a
deceased brother of Minnie L. Odum.

The will gave to her brothers, A. D. Harris and Duffy Harris, and to
her sister, Missouria Wells, one-fourth each "of my personal property
and mixed of what nature and kind soever," etc. The will also devised
to Mamie E. Castet and William E. Odum certain real property. Re-
ferring to these devises, the will stated: "I give this property back
because it was my husband's will and wish, and I cannot take and give
to others that which was intended for his children." A. D. Harris was
named executor in the will and duly qualified. Thereafter Missouria
Wells, Duffy Harris, Bessie Moye and the infant children of J. H.
Harris, deceased, by their next friend, Sula Harris, filed a caveat to said
will, in which it was alleged that the paper-writing purporting to be a
will was not the last will and testament of testatrix. It was further
alleged in the caveat that A. D. Harris qualified as executor on 24
March, 1932. After the caveat was filed, A. D. Harris, executor, wrote
a letter to William E. Odum and Mrs. Mamie Castet, advising them
of the caveat and stating, "I am not expressing any opinion as to the
merits of the proceeding, but my interest is adverse to yours and with

the caveators, and for this reason I agree that you may use my name as the executor named in the paper-writing as propounder, to be joined with yours and at your cost and expense," etc.

The cause was transferred to the civil-issue docket and at the November Term, 1933, of the Superior Court of Craven County a judgment was entered upon the verdict of the jury, declaring that the will and every part thereof was the last will and testament of Minnie L. Odum. Thereafter, Mamie E. Castet and William E. Odum filed a petition before the clerk of the Superior Court of Craven County, alleging that as the interest of the executor was adverse, the burden of propounding the will had fallen upon them, and that in upholding the validity of the will, they had employed counsel, and they requested that counsel be paid out of the assets of the estate the sum of $1,000 for services rendered the estate. The clerk allowed the petition and awarded the sum of $600.00. From such order the caveators appealed to the judge of the Superior Court. The cause was heard by Daniels, J., at the June Term, 1934, of Craven Superior Court. The judge found certain facts, and among such findings are the following: "That responsibility of securing probate of said will in solemn form devolved upon petitioners, in their discretion, who employed lawyers to counsel and represent them in the proceedings, and it was necessary for prosecution of said probate for said petitioners to employ some lawyer to advise them, and necessary for said petitioners and their lawyers to give a great deal of time and attention to the business; that trial of the matter required a full week of November Term, 1932, and following a verdict in favor of said will caveators appealed to the Supreme Court, wherein a new trial was ordered, and another whole week was taken up with the matter at November Term, 1933, when said will was established by verdict of the jury. . . . That petitioners were justified in propounding said will and by their efforts alone same was established, and if they had failed to employ lawyers and prosecute the matter the will of testatrix would have been defeated by the executor and his brothers and sister, who in said proceedings were represented by three attorneys. That said letter constituted notice to said petitioners of the intention of said A. D. Harris not to attempt to prove said will in solemn form, nor to resist the caveat filed by his brothers and sister and others, and that it was to his interest and advantage that said will should not be proved. . . . That if said petitioners had not propounded said will, it would not have been proven in solemn form, and the wishes of the testatrix would have been defeated; that it was necessary for said petitioners to employ lawyers, . . . and that a reasonable attorneys' fee is properly an item of expense to the probate of the will in solemn form."

Upon the facts so found the judge allowed counsel fees in the sum of $600.00, and directed the executor to pay said sum out of the assets of the estate.

From such order the caveators appealed.

*H. P. Whitehurst and R. A. Nunn for propounders.*

*D. H. Willis and Ward & Ward. for caveators and A. D. Harris, executor.*

BROGDEN, J. Is reasonable compensation for attorney for successful propounders in a caveat proceeding allowable and payable out of the assets of the estate?

The allowance of compensation to attorneys for caveators was discussed and decided by this Court *In re Will of Howell,* 204 N. C., 437, 168 S. E., 671. The Court said: "There seems to be no precedent in this jurisdiction for ordering an executor bringing the proceedings to pay out of the estate counsel fees for the attorneys for caveators. Nor is the authority supported in tendency by our decisions. They point in the other direction." Therefore, the vital inquiry is whether propounders stand upon a different footing.

It is a crime in this State to fraudulently suppress or conceal a will. C. S., 4256. Obviously the basis for making such suppression a crime is the fact that it is the policy of the law that wills should be probated, and that the rights of the parties in cases of dispute should be openly arrived at according to the orderly processes of law. Moreover, C. S., 4139, and C. S., 4141, by implication at least, require the probate of a will. Furthermore, C. S., 4140, provides that if the executor fail to prove the will according to law, any devisee or legatee named in the will, "or any other person interested in the estate, may make such application upon ten days notice thereof to the executor."

In the case at bar the interest of the executor was identical with that of the caveators. He did not conceal this interest, but openly advised the propounders by letter of his position. In view of such circumstances, it was the duty of the propounders to establish the validity of the will. The trial judge found as a fact that the "responsibility of securing probate of said will in solemn form devolved upon the petitioners," and that if they "had not propounded said will it would not have been proven in solemn form and the wishes of the testatrix would have been defeated."

The question of law presented by this appeal has not been decided in this State, but it would seem to be clear that if the law imposes a duty upon a person, or group of persons, with respect to probating and establishing the validity of a will, in the performance of such duty, in good

faith, reasonable expenses thereby incurred should be allowed and paid out of the fund or property which is the subject of the litigation.

Manifestly, if the executor had been in a position to probate and establish the validity of the will, reasonable attorneys' fees could have been allowed in the discretion of the court. This idea was expressed in *Parsons v. Leak,* 204 N. C., 86, 167 S. E., 563, as follows: "It has been the policy of the law to permit and allow reasonable commissions to executors and administrators, together with reasonable attorney's fees and such other assistance as might be reasonably necessary to proper and efficient administration." See, also, *Overman v. Lanier,* 157 N. C., 544, 73 S. E., 192; *Shepard v. Bryan,* 195 N. C., 822, 143 S. E., 835. See, also, *Butt v. Murden,* 69 A. L. R., 1048, and annotation.

Upon the particular facts disclosed by the record, the Court is of the opinion that the trial judge did not transcend his power or abuse his discretion in awarding compensation to the attorneys of the propounders. He found the compensation so awarded to be reasonable, and there is nothing in the record warranting a contrary view.

Affirmed.