IN THE MATTER OF THE WILL OF LEAKE S. COVINGTON, DECEASED.

(Filed 18 May, 1960.)

**1. Executors and Administrators § 5—**

An executor is required to take an oath, G.S. 28-40, and acts in a fiduciary capacity as an officer of the court and a trustee for the beneficiaries of the estate, and when conditions arise which prevent him from faithfully and impartially executing the duties which he has assumed, he should not be expected or permitted to continue to serve.

**2. Same—**

G.S. 28-8 confers authority on the clerk to revoke letters testamentary not only for the specific causes enumerated therein but also, under its provisions for the removal of a person legally incompetent to serve, the power to remove an executor who is not fit, qualified, or prepared to impartially discharge the duties of the office in the manner directed by the oath.

**3. Same—**

The statutory provisions for notice and hearing of proceedings for the removal of an executor are for the benefit and protection of the person who may be removed, and he waives notice when he himself calls to the court's attention the matters which justify his removal.

**4. Same—**

Where an executor who has qualified under a paper writing probated in common form thereafter discovers an instrument later executed by the testator, in which later instrument he is named sole beneficiary, he is under duty to bring such later instrument to the attention of the court, and when he does so and offers it for probate, G.S. 31-12, G.S. 31-13, the clerk properly revokes the letters testamentary theretofore issued under the instrument first probated.

APPEAL by John W. Covington, Sr. from *Armstrong, J.,* February 1960 Term, of RICHMOND.

This appeal is one phase of the litigation pending in Richmond County in which the ultimate question for determination is: Which paper writing is the will of Leake S. Covington, the paper dated 20 March 1940 probated in common form in January 1958 and challenged by caveat filed 20 May 1959, or the paper writing dated 8 September 1953?

Another phase of the litigation was considered and decided today in *In the Matter of the Will of Leake S. Covington, ante,* 546.

The facts there stated will not be here repeated, but so far as necessary to a decision of the question presently considered are incorporated by reference.

Appellant, hereafter called Covington, by letter and in his petition for probate of the writing dated 8 September 1953, called the court's

attention to the conflict necessarily arising if he should attempt to serve as executor of both instruments. He suggested that the court should remove him as executor of the instrument dated 20 March 1940 which had been established as the will by probate in common form.

The nephews and niece, hereafter referred to as Entwistle, opposed his removal. They asserted Covington could only rid himself of his office by an offer to resign and an acceptance of that offer by the court as provided in art. 3, c. 36, of the General Statutes.

The clerk heard the parties and found facts substantially as stated here and *ante*, 546. He thereupon concluded that Covington had a right as beneficiary of the writing dated 8 September 1953 to caveat the instrument dated 20 March 1940 which had been admitted to probate, and "in filing a caveat to the will of March 20th, 1940, the said John W. Covington, Sr., legally disqualified himself as Executor of said Will, and his filing a caveat thereto constituted cause for the recall of his letters and cause for his removal as Executor thereunder. That having repudiated the very instrument creating the trust, the said John W. Covington, Sr., legally disqualified himself to act in the capacity as Executor thereof."

The clerk thereupon recalled and revoked the letters testamentary theretofore issued to Covington and appointed a collector. Entwistle excepted to the findings and conclusions so made and appealed to the Superior Court in term. Judge Armstrong heard the appeal. He declined to review the findings made by the clerk. He declined to rule on Covington's right to offer for probate the writing dated 8 September 1953 while serving as executor of the instrument dated 20 March 1940. He held as a matter of law that Covington must resign as provided by statute if his authority to act as executor was to be terminated. He therefore reversed the order of the clerk which had revoked the letters issued to Covington. Covington excepted and appealed.

*Webb & Lee, Bynum & Bynum, Robinson, Jones & Hewson for appellant.*

*Leath & Blount and Blakeney, Alexander & Machen for appellees.*

RODMAN, J. Before one can qualify as an executor he must take an oath (G.S. 28-40) stating his belief that the writing he is to execute is the last will and testament of deceased and that he will well and faithfully execute the office agreeable to the trust and confidence imposed in him. G.S. 11-11.

Mindful of his oath, what is the duty of an executor who, during the course of his administration, discovers a writing which convinces him that the instrument under which he acts is not in fact the last will and testament of deceased? The answer is, we think, obvious. It is the duty of the executor to communicate the facts to the court which appointed him, and if the reason for his changed belief is a writing of later date than the one under which he acts, and purports to be a will, that writing should be delivered to the clerk, who is invested with probate jurisdiction. *Brogden, J.*, said in *Wells v. Odum*, 207 N.C. 226, 176 S.E. 563: "It is a crime in this State to fraudulently suppress or conceal a will. C.S., 4256. Obviously the basis for making such suppression a crime is the fact that it is the policy of the law that wills should be probated, and that the rights of the parties in cases of dispute should be openly arrived at according to the orderly processes of law. Moreover, C.S., 4139 and C.S., 4141, by implication at least, require the probate of a will. Furthermore, C.S., 4140, provides that if the executor fail to prove the will according to law, any devisee or legatee named in the will, 'or any other person interested in the estate, may make such application upon ten days notice thereof to the executor.'"

Covington acted properly when he delivered the writing purporting to be a will, dated 8 September 1953, to the clerk. This writing not only designated him as executor, but it named him as the sole beneficiary. He had a duty as the named executor to offer it for probate, G.S. 31-12, *Wells v. Odum, supra*, and a right as the beneficiary to insist that it be probated, G.S. 31-13. The clerk, in his order revoking the letters issued to Covington, recognized that right to offer the writing for probate.

An executor acts in a fiduciary capacity. *McMichael v. Proctor*, 243 N.C. 479, 91 S.E. 2d 231. He is classified by statute with "guardians, trustees, and other fiduciaries." G.S. 36-9. Both by law and the words of his oath he must faithfully execute the trust imposed in him. He must be impartial. He cannot use his office for his personal benefit. When conditions arise which will prevent him from faithfully and impartially executing the duties which he has assumed, he should not be expected or permitted to continue to serve.

Where a conflict exists between the obligations which one has assumed as executor and his individual rights, he may tender his resignation to the court. G.S. 36-10. If and when the resignation is tendered, the court should proceed as provided in G.S. 36-11, but the fact that a fiduciary appointed by a court does not tender his resignation does not deprive the court which appoints him of authority to act and to

revoke the letters testamentary when cause for removal exists. *Taylor v. Biddle,* 71 N.C. 1; *Edwards v. Cobb,* 95 N.C. 4; *Tulburt v. Hollar,* 102 N.C. 406; *In re Battle,* 158 N.C. 388, 74 S.E. 23; *In re Johnson,* 182 N.C. 522, 109 S.E. 373; *In re Meadows,* 185 N.C. 99, 116 S.E. 257; *In re Estate of Suskin,* 214 N.C. 219, 198 S.E. 661; *In re Estate of Johnson,* 232 N.C. 59, 59 S.E. 2d 223.

Our statute, G.S. 28-32, recognizing the power of the court and prescribing the procedure by which it may be exercised, provides: "If after any letters have been issued, it appears to the clerk . . . that any person to whom they were issued is legally incompetent to have such letters, or that such person has been guilty of default or misconduct in due execution of his office . . . the clerk shall issue an order requiring such person to show cause why the letters should not be revoked. On the return of such order, duly executed . . . if the objections are found valid, the letters issued to such person must be revoked and superseded, and his authority shall thereupon cease."

We have not heretofore been called upon to define the words "legally incompetent" and the other words authorizing removal as used in the statute. Of course any of the disqualifications enumerated in G.S. 28-8 would justify removal, *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421; but we think the language used is entitled to a broader meaning and should be interpreted as meaning not fit, qualified, or prepared to impartially discharge the duties of the office in the manner directed by the oath taken.

The Supreme Court of Nebraska was called upon to define the words "legally competent," used in its statute with respect to qualification of executors. It said: "The lawmakers did not define the term 'legally competent,' but left the interpretation thereof to the courts. In a judicial proceeding an executor of a probated will is not only an officer of the court but is a trustee for the persons entitled to share decedent's estate. The legislature recognized the relation of trustee and beneficiary by providing that letters testamentary shall be issued to the person named executor in the will, 'if he is legally competent, and he shall accept the trust and give bond as required by law.' In the sense used by the lawmakers, the term 'legally competent' means fit or qualified to act as officer of the court and as trustee in administering upon the estate of testator according to judicial standards essential to the proper course of justice in the judicial department of government. . . . A statute directing the probate court to appoint an executor whose official and representative duties would require him to prosecute on behalf of adversary litigants a suit which he would defend as an individual would encroach on a judicial pre-

rogative—the power of the court to appoint a competent officer. That intent is not expressed or implied. A person who would be placed by appointment as executor in the anomalous position indicated would not be 'legally competent' within the meaning of the statute." *In re Blochowitz' Estate,* 245 N.W. 440.

The Court of Appeals of Kentucky said: "A duty to defend a will if possible rests on an executor. (Citation) If a personal representative cannot in good faith and conscience perform his trust in a fair and unbiased manner, he ought to resign voluntarily. If he does not, then he should be removed by the court, under the provisions of K.R.S. 395.160, because he is 'incapable to discharge the trust.' " *Karsner's Ex'r. v. Monterey Christian Church,* 200 S.W. 2d 474.

The Supreme Court of Vermont said: ". . . an executor or administrator has been deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty. (Citations) Without deciding that the phrase 'unsuitable to discharge the trust' may not have a broader meaning, we hold that an executor or administrator is unsuitable when he has such conflicting interest." *In re McGowan's Estate,* 102 A 2d 856.

Previous decisions of this Court upholding decrees revoking the authority of an executor or fiduciary to act because of conflicting interests are, we think, in support of the order of revocation made by the clerk. *In re Sams, supra; In re Battle, supra; In re Will of Gulley,* 186 N.C. 78, 118 S.E. 839; *In re Dixon,* 156 N.C. 26, 72 S.E. 71; *Ury v. Brown,* 129 N.C. 270; *Simpson v. Jones,* 82 N.C. 323; 21 A.J. 461. Such a conflict has been adjudged sufficient to require vacation of a judgment. *White v. Osborne,* 251 N.C. 56.

The statutory provision with respect to notice is for the benefit and protection of the person who may be removed. He may, of course, waive this provision by himself calling to the court's attention the matters which justify his removal.

When Covington filed for probate the writing dated 8 September 1953 which by express language revoked the writing under which he was acting, he disqualified himself from continuing to serve as executor, and the clerk properly directed his removal. The court was in error in holding as a matter of law under the factual situation here presented that Covington could not be removed, and his authority as executor of the paper which he had repudiated could only be terminated by his resignation.

Reversed.