MARVIN G. ABBOTT, EXECUTOR OF THE ESTATE OF J. S. ABBOTT, DECEASED,
v. CARRIE NIXON ABBOTT.

(Filed 1 March, 1967.)

**1. Wills § 15—**

A plaintiff executor asserting his right to administer the estate by
reason of the will cannot assert the invalidity of the will on the ground
of mental incapacity of the testator.

**2. Wills § 7—**

The fact that testator becomes mentally incompetent and is thereafter
unable to change the will, even if such incapacity continues until testator's
death, does not revoke the will. G.S. 31-5.7.

**3. Wills § 60.1—**

The right of the widow to take a devise or bequest under the will of
her husband is not forfeited by her abandonment of him. G.S. 31A-1.

**4. Wills § 71—**

In an action by an executor for a declaration that testator's widow was
not entitled to share in the estate because she had abandoned him, the
complaint which fails to allege that the widow had attempted to dissent
from the will or that she had filed any claim against the estate, either as
creditor, distributee, or widow, or that the will contained any bequest or
devise for her benefit, fails to allege a justiciable controversy, and demur-
rer thereto is properly sustained.

APPEAL by plaintiff from *Bundy, J.,* at the September 1966 Ses-
sion of CAMDEN.

The defendant is the widow of the plaintiff's testator. The com-
plaint, having been twice amended, now alleges: The defendant and
the plaintiff's testator were married and lived together until 30 De-
cember 1964, when she, without cause or provocation, removed her-
self and her belongings from the home and abandoned him know-
ing that he was bedridden and unable to care for himself; the tes-
tator, "prior to the month of December 1964," was mentally incom-
petent to manage his business affairs or to understand the extent
of his holdings; he died on 23 May 1965, the defendant never hav-
ing returned to his home; and, by reason of her wilful abandon-
ment of the testator, the defendant has "lost those certain rights
specified in Article I, § 31A-1, of the General Statutes of North
Carolina * * * and by reason thereof is not entitled to share in
the estate of the deceased." The prayer of the complaint is for judg-
ment that the defendant "has no part, right or interest in the
estate," and that the plaintiff executor be empowered by the judg-
ment of the court to settle the estate as if the testator had died un-
married.

The defendant demurred to the complaint on the ground that it

does not state facts sufficient to constitute a cause of action in that it does not specify any right, claim or interest which the defendant has in or against the estate which would be lost if the facts alleged in the complaint be true.

From a judgment sustaining the demurrer, the plaintiff appeals. The record does not show any motion by the plaintiff for permission to amend his complaint further.

*W. C. Morse, Jr., and J. W. Jennette for plaintiff appellant.*
*Small & Small for defendant appellee.*

PER CURIAM. Since the plaintiff alleges that he is the duly qualified executor of the estate of the deceased, it is apparent upon the face of the complaint that the deceased died testate. The will is not made part of the complaint nor are its provisions referred to therein. Thus, it does not appear that the will contains any bequest or devise to or for the benefit of the defendant or that it created in or conferred upon her any right or interest in any property owned by the deceased at his death. Obviously, the defendant was not named executrix. It is not alleged in the complaint that the defendant has attempted to dissent from the will or that she has filed any claim against the estate, either as creditor, distributee or widow.

The plaintiff executor, while asserting his right to administer the estate by reason of the will, cannot assert its invalidity on the ground of lack of testamentary capacity in the testator. See *In Re Will of Covington,* 252 N.C. 551, 555, 114 S.E. 2d 261. He alleges that prior to the acts of the defendant of which he complains, the testator was "mentally incompetent to manage his business affairs and/or to understand the extent of his holdings." He does not allege that this mental condition continued to the death of the testator. If it did, that circumstance would not revoke the will in whole or in part. G.S. 31-5.7; *Warner v. Beach,* 4 Gray (Mass.) 162; Atkinson on Wills, 2d ed., § 85; Williams on Executors 19, note (r), 191; 57 Am. Jur., Wills, § 525; 95 C.J.S., Wills, § 295.

The right of the widow to take under her husband's will that which he saw fit to bequeath or devise to her is not among the rights which G.S. 31A-1 declares forfeited by her abandonment of him.

Since the complaint alleges no claim or assertion of any right by the defendant in or to any property of the estate, it alleges no justiciable controversy between the parties and, therefore, no cause of action. Consequently, the demurrer was properly sustained.

Affirmed.