IN THE MATTER OF THE ESTATE OF JAMES L. MOORE,
DECEASED

No. 7419SC953

(Filed 5 March 1975)

1. **Courts § 6— appeal from clerk to superior court — reviewing capacity of judge — no consideration de novo**

   The trial judge properly considered an appeal from the clerk in his reviewing capacity where the court's order recited that the cause came on to be heard "upon the appeal of the petitioner," it had been stipulated by both parties that "the court would base its ruling on the facts found by the clerk," and the order further stated that the court "having taken as established the facts found by the clerk . . . concludes as a matter of law that the facts found by the clerk establish a conflict of interest. . . ."

2. **Courts § 6— appeal from clerk to superior court — review of findings — substitution of court's conclusions proper**

   Upon an appeal from the clerk to the superior court in a probate matter where the appellant does not challenge any of the clerk's findings of fact, the superior court judge reviews the record to determine whether there were errors of law, and where the judge decides that the findings of the clerk do not sustain his order, he has the power to overrule the clerk's conclusions and to substitute new conclusions which he believes are compelled as a matter of law.

3. **Executors and Administrators § 5— legally incompetent executor — inability to discharge duties impartially**

   In construing G.S. 28-32 providing for revocation of letters of administration which have been granted to a legally incompetent person, it should be noted that the words "legally incompetent" are to be given a broad meaning and should be interpreted as meaning not only fit and qualified but also prepared to discharge impartially the duties of the office.

4. **Executors and Administrators § 5— potential conflict of interest — executor legally incompetent to serve**

   Construing the language of G.S. 28-32 broadly, the court concludes that it is not necessary to show an actual conflict of interest to justify a refusal to issue letters of administration, but it is sufficient that the likelihood of a conflict is shown; therefore, the trial court did not err in declaring legally incompetent the executor named in deceased's will because he worked as a certified public accountant for a corporation whose chief executive officer might have to be sued by the estate.

APPEAL by respondent, Robert A. McClary, from *Long, Judge*. Judgment entered 12 September 1974, in Superior Court, CABARRUS County. Heard in the Court of Appeals 24 January 1974.

On 10 October 1965 James L. Moore executed a paper writing, purporting to be his will, leaving the majority of his estate to his wife, Eloise T. Moore, and naming Robert A. McClary as executor. In August of 1973, Moore sold certain corporate stock in Kannapolis Publishing Company to Robert G. Hayes and executed another paper writing, dated 15 August 1973, purporting to be his will, not only leaving the majority of his estate to his wife, but also naming her as executrix.

Following Moore's death, his wife, Eloise, filed an application and petition seeking to have the 1965 paper writing admitted to probate and requesting that the estate institute an action for rescission of the sale of stock on grounds her husband was not mentally competent in 1973. Mrs. Moore also sought to have Robert A. McClary disqualified as executor on grounds of a conflict of interest arising from his relationship with Robert G. Hayes. Since 1955, Robert A. McClary, a certified public accountant, has prepared the annual financial statements and tax returns of Central Distributing Company, an oil distributor in Kannapolis, North Carolina, of which Robert G. Hayes is president and chief executive officer, and has performed accounting services for Cannon Mills Company and its affiliates or subsidiary companies, which are substantially owned by the estate of Charles A. Cannon, Jr., in which Robert G. Hayes and his wife, Miriam Cannon Hayes, have an interest. In her petition Mrs. Moore alleged that by reason of the foregoing facts there existed a special and confidential relationship between Robert A. McClary and Robert G. Hayes which prevented McClary from impartially performing his fiduciary duties.

McClary denied any conflict of interest existed by reason of his relationship with Robert G. Hayes and sought qualifications as executor.

After reviewing the evidence, the Clerk of Superior Court made findings of fact and entered an order concluding that no conflict existed. Upon appeal to the Superior Court, the trial judge, taking the Clerk's findings as conclusive, concluded that a conflict did exist, and that an administrator c.t.a. should be appointed. Respondent appealed.

*Jordan, Wright, Nichols, Caffrey and Hill, by Welch Jordan and G. Marlin Evans, and Walser, Brinkley, Walser and McGirt, by Gaither S. Walser, for petitioner appellee.*

*Williams, Willeford, Boger and Grady, by John Hugh Williams, for respondent appellant.*

MORRIS, Judge.

[1]  In his first and third assignments of error respondent challenges the procedural approach of the trial court in hearing the appeal from the Clerk de novo, and in failing to rule that the conclusions of law by the Clerk were supported by the facts found. Respondent maintains the Superior Court erroneously considered the appeal from the order of the Clerk, de novo, rather than in a reviewing capacity because it weighed the facts and reached a different conclusion, rather than determining whether the conclusions drawn by the Clerk were supported by his findings of fact. We disagree. The record clearly shows that the trial court was acting in its reviewing capacity. The trial judge's order recites that the cause came on to be heard "upon the appeal of the petitioner" and that it had been stipulated by counsel for both parties that "the court would base its ruling on the facts found by the clerk." The order further states that the court "having taken as established the facts found by the clerk . . . concludes as a matter of law that the facts found by the clerk establish a conflict of interest. . . ." The trial judge properly considered this matter in his reviewing capacity.

[2].  Respondent's argument that the Superior Court's scope of review is limited to determining whether the facts found supported the Clerk's conclusions and does not extend to formulating new conclusions is unpersuasive. Upon an appeal from the clerk to the superior court in a probate matter, the superior court has jurisdiction to review the record to determine whether there have been errors of law and to review any findings of fact which the appellant has properly challenged by specific exceptions. *In Re Estate of Lowther,* 271 N.C. 345, 156 S.E. 2d 693 (1967). Where the appellant does not challenge any of the clerk's findings of fact, the superior court judge reviews the record to determine whether there were errors of law, and the appeal carries to the judge the question of whether the clerk's findings of fact sustain his order. *In Re Spinks,* 7 N. C. App. 417, 173 S.E. 2d 1 (1970). Where the superior court judge decides that the findings of the clerk do not sustain his order,

we conclude he has the power to overrule the clerk's conclusions and to substitute new conclusions which he believes are compelled as a matter of law. Defendant's first and third assignments of error, therefore, are overruled.

In his second and fourth assignments of error respondent maintains the findings of the Clerk do not support the trial judge's conclusions that there exists "a conflict of interest which legally disqualifies Robert A. McClary from qualifying and serving as Executor . . ." He argues that holding him "legally incompetent," within the meaning of G.S. 28-32, to serve as executor simply because he works as a certified public accountant for a corporation whose chief executive officer may have to be sued by the estate is a tenuous and premature conclusion. We disagree.

G.S. 28-32, in pertinent part, provides as follows:

> "If, after any letters have been issued, it appears to the clerk . . . that any person to whom they were issued is legally incompetent to have such letters, or that such person has been guilty of default or misconduct in due execution of his office . . . the clerk shall issue an order requiring such person to show cause why the letters should not be revoked. On the return of such order, duly executed . . . if the objections are found valid, the letters issued to such person must be revoked and superceded, and his authority shall thereupon cease."

It has been held that the power given the clerk to revoke letters of administration carries with it the power to refuse to grant letters for the same causes. *In re Will of Gulley,* 186 N.C. 78, 118 S.E. 839 (1923).

[3]   In construing the statute, we think it is important to note that the Supreme Court has held that the words "legally incompetent" are to be given a broad meaning and should be interpreted as meaning not only fit and qualified but also "prepared to impartially discharge the duties of the office . . ." *In Re Will of Covington,* 252 N.C. 551, 554, 114 S.E. 2d 261 (1960). Where conditions are present, which will prevent the executor from impartially performing his fiduciary duties, he should not be allowed to serve:

> "An executor acts in a fiduciary capacity. *McMichael v. Proctor,* 243 N.C. 479, 91 S.E. 2d 231. He is classified by

statute with 'guardians, trustees, and other fiduciaries.' G.S. 36-9. Both by law and the words of his oath he must faithfully execute the trust imposed in him. He must be impartial. He cannot use his office for his personal benefit. *When conditions arise which will prevent him from faithfully and impartially executing his duties which he has assumed, he should not be expected or permitted to continue to serve."* (Emphasis supplied.) *In Re Will of Covington, supra,* at p. 553.

[4] We fail to see how respondent can act impartially as executor when, as here, one of his first duties will be to decide whether to sue the president and chief executive officer of a firm, for which he has performed services as a certified public accountant for approximately 19 years. Especially when a decision to bring suit might endanger respondent's chances of future employment by the firm, the possibility that his decision to bring suit will be influenced by his own personal interests is great. One cannot represent his own interest and at the same time represent those of another which are in conflict with his own with fairness and impartiality to either. Even if respondent actually brings suit on behalf of the estate, his position would be such as to make him amenable to suggestions of failure to prosecute the action fully because of his relationship with Hayes. Construing the language of G.S. 28-32 broadly, we conclude that it is not necessary to show an actual conflict of interest to justify a refusal to issue letters of administration; it is sufficient that the likelihood of a conflict is shown. Our holding is supported by decisions in other jurisdictions. E.g., *Davis v. Roberts,* 206 Mo. App. 125, 226 S.W. 662 (1920) ; *Corey v. Corey,* 120 Minn. 304, 139 N.W. 509 (1913). For the foregoing reasons, defendant's second and fourth assignments of error are overruled. The decision of the trial court is hereby affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.