IN THE MATTER OF THE ESTATE OF PAUL CHESTER ADAMEE, DECEASED

No. 7515SC439

(Filed 7 January 1976)

1. Husband and Wife § 12— separation agreement — revocation by reconciliation

Where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is rescinded for every purpose insofar as it remains executory.

2. Clerks of Court § 3; Courts § 5— probate matters — concurrent jurisdiction of clerk and superior court judge

The effect of G.S. 7A-240, G.S. 7A-241, and G.S. 7A-251 is to take from the clerk exclusive original jurisdiction of probate matters, to vest in the clerk and the superior court concurrent jurisdiction of probate matters, and to provide for appeals from the clerk directly to the judges of superior court, bypassing the district court, on all such matters heard originally before the clerks.

3. Clerks of Court § 3; Courts § 5— probate matters — concurrent jurisdiction

The word "jurisdiction" in G.S. 28A-2-1 is used in the sense of assigning original authority to the clerk and was not intended to change the vesting of concurrent jurisdiction in the clerk and the superior court under G.S. 7A-241.

4. Executors and Administrators § 5— attack on appointment of administratrix — appeal to superior court — absence of exceptions to findings — hearing de novo — submission of issue to jury

Upon appeal from an order of the clerk of superior court determining that respondent was entitled to qualify as administratrix of her deceased husband's estate and to share in the estate, petitioners were entitled to a *de novo* hearing by the judge of superior court on both the right of respondent to qualify as administratrix and her right to share in the estate, notwithstanding petitioners made no exceptions to specific findings of fact of the clerk; and the judge of superior court in the exercise of his inherent powers had the right to submit to the jury the issue of whether respondent and deceased had resumed their marital relations after having executed a separation agreement—an issue that would resolve both the right to qualify as administratrix, a probate matter, and the right to share in the estate, which is not a probate matter.

APPEAL by respondent, Raye T. Adamee, from *Braswell, Judge.* Order entered 16 April 1975, in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 September 1975.

Paul Chester Adamee died 20 August 1974, leaving a wife, Raye, and no children or lineal descendants. The petitioners are a brother and three sisters of Paul Adamee.

A judgment of the Superior Court of Alamance found that a purported paper writing offered for probate was not the Last Will and Testament of Paul Adamee, and that he died intestate. Raye Adamee, wife of deceased, thereafter filed application for appointment as administratrix.

Petitioners, brothers and sisters of the deceased, filed an "Objection and Complaint" with the Clerk of Superior Court, attaching a copy of a deed of separation and Consent Judgment dated 20 December 1973, in which they contested Raye Adamee's appointment as administratrix and her right as widow to share in the estate. They alleged that Raye and Paul Adamee became separated and never reconciled subsequent to the legal separation manifested by the separation agreement and Consent Judgment of December 1973.

Raye Adamee filed a "Response and Answer," alleging that the separation agreement and Consent Judgment were revoked and terminated by their reconciliation and resumption of marital relations.

In the hearing before the Clerk on 2 December 1974, the parties offered evidence, none of which appears in the record on appeal. The Clerk entered an order finding as a fact that after the separation agreement of 20 December 1973, "Paul Chester Adamee and Raye T. Adamee were reconciled and resumed their marital relations and were living together as husband and wife immediately prior to and at the time of the death of Paul Chester Adamee." The order concluded that the separation agreement and Consent Judgment were rescinded and void, and that respondent was entitled to qualify as administratrix and to share in the estate.

Following the Clerk's signature to the foregoing order this entry appears:

"In open Court the petitioners give notice of appeal to the General Court of Justice, Superior Court Division, and request a Jury trial on all issues of fact. All further notice waived.

In re Estate of Adamee

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this matter be and is hereby transferred to the Civil Issue Docket for hearing.

This the 2nd day of December, 1974.

/s/ LOUISE B. WILSON
Clerk of Superior Court"

On 29 January 1975, petitioners filed a motion for summary judgment alleging that "even if all the allegations contained in the response and answer of Raye T. Adamee were true, that such allegations do not revoke, cancel or terminate" the separation agreement and consent judgment.

On 30 January 1975, respondent filed an affidavit and response to the motion for summary judgment in which she alleged a reconciliation which revoked the separation agreement and consent judgment.

On 3 February 1975, the petitioners filed exceptions to specific findings of fact and conclusions of law made by the Clerk in the order of 2 December 1974.

The matter came on for hearing before Judge Braswell at the April 14, 1975, Session of the Superior Court, and he advised counsel that he would hear the motion for summary judgment "and all rolled into one." The petitioners thereupon submitted several affidavits which tended to show that though respondent moved back to the home of Paul Chester Adamee in the summer of 1974, she did so solely as a matter of economic convenience, and that marital relations were not resumed. Respondent submitted several affidavits of others tending to show that she and Mr. Adamee reconciled and apparently lived together as man and wife in the summer of 1974 until his death on 10 August 1974. Respondent was then called to testify, but Judge Braswell conferred with counsel, heard argument, and then entered an order, filed 16 April 1975, in which he found facts and ordered: (1) that the exceptions filed on 3 February 1975 by petitioners to the Clerk's order of 2 December 1974, came too late and were dismissed; (2) that motion for summary judgment was denied; and (3) that there shall be a jury trial upon one issue: "Did the late Paul Chester Adamee and wife, Raye T. Adamee, become reconciled and renew their marital relations after December 20, 1973?" From this order respondent Raye T. Adamee appealed.

---

**In re Estate of Adamee**

---

*Latham, Wood and Cooper by Thomas D. Cooper, Jr.; and Spencer B. Ennis for petitioner appellees.*

*Long, Ridge & Long by Paul H. Ridge and Daniel H. Monroe, Jr., for respondent appellant, Raye T. Adamee.*

CLARK, Judge.

The questions raised by this appeal involve, first, the right of the respondent to qualify for appointment as administratrix of the estate of her deceased husband, and, second, her right to share in his estate.

All parties admit the execution of the deed of separation by respondent and her husband and the entry of Consent Judgment, both dated 20 December 1973. Under the terms of the deed of separation respondent renounced (1) her right to share in the estate of her husband under G.S. 29-13 and G.S. 29-14; and (2) her right to administer upon his estate under G.S. 28A-4-1(6). The parties do not question the validity or the construction of the deed of separation. See *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973).

[1]   But it is established in North Carolina that where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is rescinded for every purpose insofar as it remains executory. *Tilley v. Tilley*, 268 N.C. 630, 151 S.E. 2d 592 (1966); *Jones v. Lewis*, 243 N.C. 259, 90 S.E. 2d 547 (1955); *Bass v. Mooresville Mills*, 11 N.C. App. 631, 182 S.E. 2d 246 (1971).

The evidence offered by respondent on one hand and petitioners on the other is conflicting. The Clerk found that there was a reconciliation and resumption of marital relations. On appeal Judge Braswell found that the conflicting evidence raised issues of fact, and ordered that an issue be submitted for jury determination as follows: "Did the late Paul Chester Adamee and his wife Raye T. Adamee become reconciled and renew their marital relations after December 20, 1973?" It is clear that the determination of this issue would determine both the right of the Clerk to appoint respondent to administer the estate and her right to share in the estate.

The respondent contends that the petitioners' appeal, without exceptions to specific findings of fact, from the order of the Clerk of Superior Court presented for determination to the

Superior Court only whether the findings of the Clerk supported his order and that the Superior Court was without authority to order a jury trial upon the issue of reconciliation and resumption of marital relations. Respondent relies on *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967), which involved an appeal to Superior Court, without exceptions to specific findings of fact, from an order from the Clerk removing an administratrix upon the finding that she was not the widow of the deceased. The Superior Court found that an issue of fact arose from the pleadings, vacated the Clerk's order, and transferred the proceeding to the civil issue docket for trial. The Supreme Court, in reversing the Superior Court, held that where the appellant does not challenge any of the Clerk's findings of fact, the superior court judge reviews the record to determine whether there are errors of law, and the appeal carries to the judge the question of whether the Clerk's findings of fact sustain his order. *In re Moore*, 25 N.C. App. 36, 212 S.E. 2d 184 (1975).

Both the case before us and the *Lowther* case involved probate matters on appeal from the Clerk to the Superior Court, and it is obvious that *Lowther* controls the case before us unless there is some compelling reason for finding that the *Lowther* decision is no longer authority for the proposition that on appeal from the Clerk to the Judge of Superior Court the hearing is not *de novo*.

In the *Lowther* decision Justice (now Chief Justice) Sharp traced the jurisdiction of probate matters from the ecclesiastical courts in England, through our Constitution of 1868 and repeal by the Constitutional Convention of 1875. "Since then the jurisdiction of the clerks of the Superior Courts with reference to the administration of estates of deceased persons has been altogether statutory. . . . Section 102 of N. C. Code of 1883—now G.S. 2-1—abolished the office of probate judge and transferred the duties which the clerks had previously performed as judges of probate to them as clerks of the Superior Court." 271 N.C. at 348. *Lowther* relied on *In re Simmons*, 266 N.C. 702, 147 S.E. 2d 231 (1966), which stated that "the appellate jurisdiction . . . is derivative and appeals present for review only errors of law committed by the clerk." 266 N.C. at 707.

G.S. 2-1 was specifically repealed on 1 October 1971 by Session Laws of 1971, c. 363, s. 11. Many of the jurisdictional statutes included in Chapter 1 and Chapter 2 of the General

Statutes were repealed, or were replaced, by Chapter 310, Session Laws of 1965, and other statutes enacted subsequently, to implement the "Court Improvement Amendment" (adopted in 1961 as proposed by the Session Laws of 1961, c. 313). The amendment is now a part of the new Constitution of North Carolina, Article IV, effective 1 July 1971. These statutes are now included in Chapter 7A of the General Statutes.

G.S. 7A-240, after providing for the vesting in the superior court division and the district court division original jurisdiction of all justiciable matters of a civil nature, concludes with this sentence: "Except in respect of proceedings in probate and the administration of decedents' estates, the original civil jurisdiction so vested in the trial divisions is vested concurrently in each division." G.S. 7A-241 provides: "Exclusive original jurisdiction for the probate of wills and the administration of decedents' estates is vested in the superior court division, and is exercised by the superior courts and by the clerks of superior court as ex officio judges of probate according to the practice and procedure provided by law." G.S. 7A-251 provides: "In all matters properly cognizable in the superior court division which are heard originally before the clerk of superior court, appeals lie to the judge of superior court having jurisdiction from all orders and judgments of the clerk for review in all matters of law or legal inference, in accordance with the procedure provided in chapter 1 of the General Statutes."

[2] The effect of these statutes is to take from the Clerk exclusive original jurisdiction of probate matters, to vest in the Clerk and the Superior Court concurrent jurisdiction of probate matters, and to provide for appeals from the Clerk directly to the judges of superior court, bypassing the district courts, on all such matters heard originally before the Clerks. And G.S. 28-1, (as well as Articles 1 thru 7 of Chapter 28, General Statutes) vesting probate jurisdiction, including the granting of letters of administration, in the Clerk was repealed by the Session Laws of 1973, c. 1329, effective 1 October 1975. G.S. 28A-2-1, replacing G.S. 28-1, provides:

"The clerk of superior court of each county, ex officio judge of probate, shall have jurisdiction of the administration, settlement, and distribution of estates of decedents including, but not limited to, the following:

(1) Probate of wills;

---

---

  (2) Granting of letters testamentary and of adminis-
tration, or other proper letters of authority for the
administration of estates."

[3] G.S. 28A-2-1 in substance vests in the Clerk "jurisdiction"
of the named probate matters without vesting concurrent juris-
diction in the superior court. But we find that the jurisdiction
statutes in Chapter 7A are controlling. The word "jurisdiction"
in G.S. 28A-2-1 is used in the sense of assigning original au-
thority to the Clerk, and was not intended to change the vesting
of concurrent jurisdiction in the Clerk and the Superior Court
under G.S. 7A-241.

  The reference in G.S. 7A-251 to "the procedure provided
in chapter 1" is to Article 27, Chapter 1 of the General Statutes,
entitled "Appeal." G.S. 1-272 provides in part: "Appeals lie to
the judge of the superior court having jurisdiction, either in
session or vacation, from judgments of the clerk of the superior
court in all matters of law or legal inference." G.S. 1-273
provides: "If issues of law and fact, or of fact only, are raised
before the clerk, he shall transfer the case to the civil issue
docket for trial of the issues at the next ensuing session of the
superior court." G.S. 1-276, which confers jurisdiction upon the
judge of superior court on appeal in civil actions and special
proceedings begun before the clerk "to hear and determine all
matters in controversy," has no application to probate matters.

  Under a strict construction of G.S. 1-272 and G.S. 1-273, in
probate matters originally heard by the clerk, an appeal would
lie directly to the judge of superior court in matters of law and
legal inference; but in the hearing before the clerk if issues of
fact, or both law and fact, were raised, the appeal would lie
directly to the superior court for jury trial on the issues of fact.
But in our opinion this strict construction would ignore the
"according to the practice and procedure provided by law" man-
date of G.S. 7A-241. In the *Lowther* decision Justice Sharp (now
Chief Justice), in tracing the history of probate jurisdiction,
quoted 31 Am. Jur., Jury, § 30 (1958) : " 'Probate courts, hav-
ing always proceeded without the intervention of a jury, are not
within the application of the constitutional provisions relating
to the right of jury trial. . . ' . " , 271 N.C. at 347, and con-
cluded that in probate matters if issues of fact did arise "they
were nevertheless decided by the clerk, or by the judge on
appeal." 271 N.C. at 351.

[4]   The clerk is a part of the superior court. Since G.S. 7A-241 vests concurrent jurisdiction over probate matter in the clerk and the superior court, the clerk does not exercise original and exclusive jurisdiction; upon appeal from the clerk the superior court's jurisdiction is not derivative, and the judge of superior court has the right to hear and determine all matters in controversy as if the case was originally before him. See *Redevelopment Comm. v. Grimes*, 277 N.C. 634, 178 S.E. 2d 345 (1971). We conclude, therefore, that upon appeal from the order of the clerk of superior court the petitioners were entitled to a *de novo* hearing by the judge of superior court on both the right of respondent to qualify as administratrix and her right to share in the estate of her deceased husband. And the judge of superior court in the exercise of his inherent powers had the right to submit to the jury the one issue that would resolve both the right to qualify as administratrix, a probate matter, and the right to share in the decedent's estate, which is not a probate matter. See *In re Estate of Ives*, 248 N.C. 176, 102 S.E. 2d 807 (1958), for proceeding involving right of intestate succession.

If, in this case, the Superior Court finds error in the order of the Clerk relative to the granting of letters of administration, it will not appoint a personal representative but must remand the cause to the Clerk for this purpose consistent with the decision of the Superior Court; the assignment of original authority of probate matters to the Clerk in G.S. 28A-2-1 is supported by, and not contravened by, G.S. 7A-241.

The Court of Appeals has recognized, and does now recognize, that it does not have the authority to overrule the decisions of the Supreme Court. *Mabry v. Bowen*, 14 N.C. App. 646, 188 S.E. 2d 651 (1972). However, where the decision of the Supreme Court, wholly or in part, is based on statutes which have since been repealed or amended so as to remove the statutory support, the Court of Appeals has the authority and the duty to recognize the statutory change and its effect upon the decision. The Supreme Court under G.S. 7A-31 has the right on its own motion to certify this cause for review. Since the decision in 1967, *In re Lowther, supra*, has been followed, or cited with approval, in the following cases: *In re Spinks*, 7 N.C.App. 417, 173 S.E. 2d 1 (1970); *In re Green*, 9 N.C. App. 326, 176 S.E. 2d 19 (1970); *In re Moore*, 25 N.C. App. 36, 212 S.E. 2d 184 (1975).

---

Bank v. Gillespie

---

The judgment of the Superior Court appealed from is Affirmed.

Judges BRITT and PARKER concur.