IN THE MATTER OF THE ESTATE OF J. E. COLLINS, DECEASED

No. 8130SC1119

(Filed 3 August 1982)

**Appeal and Error § 6.2— appeal from order setting case for jury premature**
      In an action stemming from objections to the appointment of an administratrix of an estate, an appeal from an order of the trial court setting a trial by jury of an issue of fact raised by the "pleadings" and evidence before the clerk was premature.

APPEAL by respondent, Mary Lee Collins, from *Thornburg, Judge.* Order entered 18 August 1981. Heard in the Court of Appeals 7 June 1982.

J. E. Collins died in June 1980. His sister, his mother, and his wife survived him. He and his wife were separated at the time of his death. His sister was granted letters of administration, and the wife filed objections and exceptions and gave notice of appeal. The mother of deceased renounced her right to administer and requested that her daughter, sister of deceased, be appointed. On hearing the appeal, Judge Thornburg entered an order revoking the order granting letters of administration to the sister and remanded the cause to the Clerk for further proceedings. The wife filed written application for appointment as administratrix, and on 1 August 1980, the Clerk entered an order appointing her as administratrix. Claim for funeral expenses was filed with the administratrix as was a claim of the sister for funeral expenses

and legal fees paid by her. The administratrix denied the claim for legal fee. The sister filed a motion requesting that the letters of administration issued to the wife be revoked and asking for a "full evidentiary hearing". The wife filed a motion to dismiss that petition. The Clerk entered an order directing the administratrix to appear and show cause why the letters issued to her should not be revoked. On hearing the Clerk entered an order denying the sister's motion, allowing the wife's motion to dismiss, and reaffirming the appointment of the wife. The sister filed "notice of objection and exception". The Clerk also entered an order allowing the sister's claim for counsel fee and court costs. The administratrix gave notice of appeal from that order. On hearing of appeal, Judge Sitton entered an order denying the sister's demand for a jury trial, vacating the order allowing the claim for attorney's fees, and remanding "the Clerk's Order of January 2, 1981 regarding Mary Lee Collins' (sic) motion to dismiss . . . to the Clerk of Superior Court for Swain County for further hearing for proper findings of fact and conclusions of law." The wife filed objections and exceptions to this order. Thereafter and on 21 April 1981 the sister filed a complaint, and summons was served on the administratrix. She prayed as follows:

(1) That Petitioner's original Motion filed on November 14, 1980, be taken with the Verification filed on December 2, 1980, and the Affidavit filed on December 3, 1980, together with this Complaint, and be heard and the Court determine whether or not the Letters of Mary Lee Collins should be revoked.

(2) That an Order issue to Mary Lee Collins to show cause why her Letters of Administration should not be revoked.

(3) That a hearing date in this matter be set.

(4) That Petitioner be appointed Administratrix of the Estate of J. E. Collins.

(5) That Mary Lee Collins be required to account for all assets of the Estate and that the motor vehicle and all other personal property be placed in the custody of the Court until a final determination of the issues before the Court.

(6) That inquiry be made and be determined who are the rightful heirs at law of J. E. Collins.

(7) That the Clerk of Superior Court of Swain County declare that Mary Lee Collins did willfully and without just cause abandon and refuse to live with J. E. Collins during his lifetime.

(8) That Mary Lee Collins be barred from all rights to administer the Estate of J. E. Collins, all rights of intestate succession in said Estate, the right to claim or succeed to a homestead and the real property of J. E. Collins, and any rights or interest in the property of J. E. Collins of any sort or nature, real or personal.

(9) That the Clerk issue an Order, requiring that various witnesses appear whose names shall be provided by the attorney of the respective parties and that these witnesses be sworn and their testimony be recorded by a Court Reporter.

At the same time the mother filed a complaint and summons was served on the administratrix. Her prayer for relief was as follows:

(1) That the Letters of Administration previously issued to Mary Lee Collins be revoked; that an Order issue requiring her to appear before the Court and show cause why the Letters should not be revoked.

(2) That Polly Collins Medford be appointed Administratrix of the Estate of J. E. Collins.

(3) That Mary Lee Collins be required to account for all the assets in said Estate, and that the motor vehicle and all other personal property be placed in the custody of the Court until a final determination of the issues before the Court.

(4) That all the funds which Mary Lee Collins took from the account of Jessie Lee Medford be returned to Jessie Lee Medford.

(5) That a hearing date in this matter be set.

(6) That an inquiry be made and a determination made as to who are the rightful heirs at law of J. E. Collins.

(7) That the Clerk of Superior Court of Swain County declare that Mary Lee Collins did willfully and without just cause abandon and refuse to live with J. E. Collins during his lifetime.

(8) That Mary Lee Collins be barred from all rights to administer the Estate of J. E. Collins, all rights of intestate succession in said Estate, the right to claim or succeed to a homestead and the real property of J. E. Collins and any rights or interest in the property of J. E. Collins of any sort or nature.

(9) That the Clerk issue an Order requiring that various witnesses appear whose names shall be provided by the attorneys for the respective parties and that these witnesses be sworn and their testimony be recorded by a Court Reporter.

The Clerk entered an order setting the matter for hearing on 12 May 1981 "pursuant to order of the Honorable Claude S. Sitton dated February 26, 1981, remanding this cause to the Clerk of Superior Court of Swain County for further hearing for proper findings of fact and conclusions of law". The administratrix filed answer to the two complaints. On 8 June 1981, a hearing was had before the Clerk at which both petitioner and respondent put on evidence. At the conclusion of the hearing and on 22 June 1981, the Clerk entered an order reciting that the hearing was had "upon remand by the Honorable Claude S. Sitton of Mary Lee Collins' (sic) Motion to Dismiss the Petitioner's Motion that Mary Lee Collins show cause, if any there be, why she should not be removed as administratrix of the Estate of J. E. Collins . . ." The court concluded that an issue of fact exists, to wit: "Did Mary Lee Collins willfully and without just cause abandon and refuse to live with the deceased, J. E. Collins, and was not living with him at the time of his death." Upon that finding the court concluded that the issue of fact should be tried by a jury, and ordered the cause transferred to the civil issue docket of the Swain County Superior Court to be tried at the next session of Superior Court. From the entry of that judgment, the wife objected and excepted. On 18 August 1981, Judge Thornburg entered an order reciting that the matter had been placed on the motion calendar for the 18th of August 1981 at the regular 17 August 1981 Session of the Superior Court of Swain County; that counsel for the wife, administratrix, and counsel for the sister were present; and that the court heard arguments of counsel and read and considered written briefs. The court ordered that the cause be set for jury trial in the Superior Court of Swain County "in accordance with the

---

---

order of the Clerk of the Superior Court of Swain County dated 22 June 1981". From the entry of this order, the wife, administratrix, appeals.

*Joseph A. Pachnowski, Gerald R. Collins, Jr., and Orville Coward, for appellee Jessie Lee Medford.*

*Herbert L. Hyde for appellant Mary Lee Collins, administratrix.*

MARTIN (Harry C.), Judge.

Obviously this matter has been unnecessarily complicated and protracted. Apparently, nothing, at least at the time of the appeal, had been done with respect to the complaint filed by the sister and answer thereto filed by the wife, administratrix. In any event, this appeal is premature. Judge Thornburg, in his discretion, ordered a trial by jury of the issue of fact raised by the "pleadings" and evidence before the Clerk and set out in his order of 22 June 1981. There is no contention that he abused his discretion. The matter was properly before him. See *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967), and *In re Estate of Adamee*, 28 N.C. App. 229, 221 S.E. 2d 370 (1976), *rev. on other grounds*, 291 N.C. 386, 230 S.E. 2d 541 (1976).

The parties have noted objections and exceptions throughout the record properly preserving their right to bring those matters forward on appeal when a final appealable order is entered.

After the one issue which will resolve the right to qualify as administratrix is resolved by the jury, the Superior Court will not appoint a personal representative, but will remand the matter to the Clerk for the purpose of appointing a personal representative consistent with the decision of the Superior Court. *In re Estate of Adamee*, supra.

The appeal is dismissed.

Judges HILL and BECTON concur.